MITCHELL and another *vs.* HAWLEY, impleaded with FOOTE and TAYLOR.

A judgment in a justice's court is in the nature of a debt of record, and is as conclusive between the parties as a judgment of a court of record. *Per* BEARDSLEY, J.

One of several defendants, against whom a judgment had been rendered in a justice's court, being about to appeal to the court of common pleas; the plaintiffs, in consideration that he would agree to abandon the appeal, agreed by a writing not under seal not to issue execution against, or take any other measure to collect the judgment from him, but to look to the other defendants therefor; *held* not a defence to an action of debt on the judgment.

The writing could not operate as a release, because not under seal; nor as an accord and satisfaction, for the reason that it was merely executory.

An accord and satisfaction by parol, or by writing not under seal, cannot be set up as a bar to an action of debt founded on a record, or to a judgment in the nature of a record. *Per* BEARDSLEY, J.

Nor to a debt by specialty, where the debt arises upon the deed : but it may be interposed as a bar to damages founded upon the breach of a specialty. *Per* BEARDSLEY, J.

DEBT, tried before Monell, late C. Judge, at the Chenango circuit in August, 1844. The action was upon a justice's judgment. Hawley only was served with process, and he appeared and pleaded the general issue, under which he gave notice of special matter.

On the trial it appeared that the plaintiffs had sued the defendants before a justice of the peace, and the summons was served on Foote and Taylor, but not on Hawley. Taylor alone appeared in that suit and defended. It was brought to recover the amount of a promissory note for $45—signed by Foote as principal and by Hawley and Taylor as sureties. Judgment was rendered for the plaintiffs against all the defendants for the amount of the note, with interest and

costs. Upon proving these facts at the circuit, the plaintiffs rested. The defendant Hawley gave in evidence an instrument in writing, which he proved to have been signed by Mr. Wait as attorney for the plaintiffs, in their presence and with their assent, in the following words:

" Justice court. Henry Mitchell and John Mitchell vs. Dan Foote, George Hawley, Nathan Taylor. Henry Hubbard, Justice. A suit having been brought in favor of the plaintiffs, against the defendants above named, on a promissory note, and judgment rendered for the plaintiffs for the amount of said note, interest and costs. And whereas the said defendant Taylor having interposed the defence of insanity at the time of signing said note, and declaring a right to appeal to the court of common pleas of Chenango county, from said judgment thereon. Now it is hereby stipulated on the part of the plaintiffs that *they will not issue or cause to be issued any execution upon said judgment against the property of said Taylor, or adopt any other proceedings thereupon to collect said judgment of said Taylor;* but look to the other defendants solely for satisfaction of said judgment. Dated," &c.

It was proved that Taylor had within the time allowed by law for appealing from the justice's judgment, procured the necessary papers for an appeal to be prepared and was about to apply for an allowance of the appeal, when the above mentioned instrument was executed, and that the consideration of that writing was an agreement on the part of Taylor not to proceed with the appeal. It was shown that Taylor was a responsible man.

The circuit judge held that the writing did not constitute a defence, and directed a verdict for the plaintiffs, which was accordingly rendered, and the defendant's counsel excepted.

*N. Hill, Jun.* for the defendant Hawley, moved for a new trial on a case.

*D. Wright,* for the plaintiffs.

*By the Court,* BEARDSLEY, J.   It was said in *James* v. *Henry*, (16 *John.* 233,) "that a justice's judgment was equivalent, at least, to a specialty ; and that assumpsit will not, therefore, lie on such a judgment." But, strictly speaking, the judgment of a justice, in a case of which he has jurisdiction, is much more than equivalent to a specialty, for that may be impeached on various grounds, as fraud or illegality. Such a judgment, however, while unreversed, is, for every purpose, as conclusive between the parties as that of the highest court of record in the state.   (*Pease* v. *Howard*, 14 *John.* 479.  *Andrews* v. *Montgomery*, 19 *id.* 162.)

The judgment declared on in this case, was in the nature of a debt of record ; and although as to the defendant Hawley, who had not been served with process and who did not appear in the cause before the justice, the judgment was only evidence of the extent of the demand after establishing his liability by other evidence, it was as to the other defendants, who had been duly served with process, absolutely conclusive.   (2 *R. S.* 247, §§ 122, 3 ; *p.* 251, §§ 141, 2 ; *p.* 377, § 1 *to* 5.)  So far, therefore, as respects the defendants Taylor and Foote, this judgment was equivalent to a debt of record ; and if, as to the defendant Hawley, it should be regarded as a security of an inferior grade, that would not affect the decision to be made upon the questions now before the court.

A judgment may certainly be released.   (*Co. Lit.* 291, *a ;* 2 *Shep. Touch. by Preston,* 322, 3 ; *Barber* v. *St. Quintin,* 12 *M. & W.* 452, *Parke, B.*)  But a release is always under seal, and here was none.   (*Rowley* v. *Stoddard,* 7 *John.* 207 ; *Co. Lit.* 264.)  In the present case there was nothing more than a parol agreement by the plaintiffs, founded on a like engagement by the defendant Taylor, that they would not take any proceedings on the judgment to collect the same of him, but would look to the other defendants alone for satisfaction thereof. This was in no sense a release, nor was the arrangement made between these parties valid, by way of accord and satisfaction.

It was an accord only, for nothing was received in satisfaction of the judgment.   Taylor agreed not to carry the case to

the common pleas by appeal, and the plaintiffs agreed not to enforce the judgment against him. So far every thing rested on promises, for nothing whatever was executed by either party. An accord executory is in no case a bar. (*Com. Dig. Accord, B.* 1, *B.* 4; *Vin. Ab. Accord, A. ; Davis* v. *Ockham, Sty.* 245; *James* v. *David,* 5 *D. & E.* 141 ; *Lynn* v. *Bruce,* 2 *H. Black.* 317 ; *Bayley* v. *Homan,* 3 *Bing. N. C.* 915 ; *Allies* v. *Probyn,* 2 *C. M. & R.* 408 ; *Daniels* v. *Hallenbeck,* 19 *Wend.* 408 ; *Brooklyn Bank* v. *De Grauw,* 23 *id.* 342.)

There is another insuperable difficulty in looking at this arrangement as an accord and satisfaction ; for such a plea can, in no case, be interposed as a bar to an action of debt founded on a record, or on a judgment in the nature of a record. " An obligation is not made void but by a release ; for *naturale est quidlibet dissolvè eo modo quo ligatur*—a record by a record, a deed by a deed ; and a parol promise or agreement is dissolved by parol, and an act of parliament by an act of parliament. This reason and this rule of law are always of force in the common law." (*Jenk. Cent. p.* 70.) And this is strictly true with a single qualification, that a record, as well as a specialty, may be cancelled by a release. (*Barber* v. *St. Quintin, Parke, B., supra ; Broom's Legal Max.* 407 ; *Shep. Touch. supra ;* 1 *Saund. Pl. & Ev.* 23 ; *West* v. *Blakeway,* 2 *Scott's N. R.* 199 ; 9 *Dow,* 846, *S. C.*)

The principle stated applies as well to debts by specialty as to debts of record. But here a distinction is to be noted, for " when a duty doth accrue by the deed in certainty, *tempore confectionis scripti,* as by covenant, bill or bond to pay a sum of money, there this certain duty takes its essence and operation originally and solely by the writing ; and therefore it ought to be avoided by a matter of as high nature, although that the duty be merely in the personalty : but when no certain duty accrues by the deed but a wrong or default subsequent, together with the deed, gives an action to recover damages which are only in the personalty, for such wrong or default, accord with satisfaction is a good plea.' (*Blake's case,* 6 *Rep.* 43.) Accord and satisfaction cannot dis-

Mitchell *v.* Hawley.

charge a specialty, although they will damages arising from the breach of a specialty. (1 *Leigh's N. P.* 694; 1 *Chit. Pl.* ed. 1837, 521, *c*; *Com. Dig. Accord,* (*A.* 2) 4; *Bac. Ab. Accord and Satisfaction, B.* ; *Vin. Ab. Accord, B.* ; *Alden* v. *Blague, Cro. Jac.* 99; *Neal* v. *Sheaffield, id.* 254; *Kaye* v. *Waghorne,* 1 *Taunt.* 428; *Strang* v. *Holmes,* 7 *Cowen,* 224.)

"Accord," says Sir Wm. Blackstone, "is a satisfaction *agreed* upon between the party injuring and the party injured; which, when performed, is a bar to all actions upon this account." (3 *Com.* 15,) The bar rests on the agreement and not on the mere reception of property, for whatever amount may have been received, the right of action will not be extinguished, unless it was agreed that the property should be received in satisfaction of the injury. (1 *Saund. Pl. & Ev.* 23 to 26; *Bac. Abr. Accord and Satisfaction;* 3 *Steph. Com.* 373; 1 *Ch. Pl.* 613; 2 *id.* 924, 1022, 1031, 1156; *Webb* v. *Weatherby,* 1 *Bing. N. C.* 502; *Ridley* v. *Tindall,* 7 *Adol. & El.* 134.) But the agreement thus to accept satisfaction is by parol, which, in its nature, is incapable of discharging an obligation by record or specialty—*quodque dissolvitur eodem ligamine quo ligatur.*

On the same principle, payment of a debt of record could not, at common law, be pleaded to an action brought for the recovery of such debt; (1 *Ch. Pl.* 521; 2 *id.* 996, *a*, note *h.* ; 2 *Saund. Pl. & Ev.* 712, 713, 717; or of a debt by specialty. (*Dyer,* 25, *b.*) But it is otherwise by statute. (2 *R. S.* 353, §§ 11, 12, 13; 1 *R. L. of* 1813, *p.* 517, § 5.)

The judgment on which this action was brought, not having been cancelled or impaired as to either of the parties, by the arrangement between the plaintiffs and Taylor, no defence was shown on the trial, and the motion for a new trial must be denied.

New trial denied.