## Welch *vs.* Lynch.

To a declaration in debt on judgment, the defendant pleaded, 1st. accord and satisfaction by the turning out and acceptance of certain goods in the defendant's store, and 2d. that the judgment was rendered on a *cognovit containing* a condition that the judgment should be satisfied out of certain specified property of the defendant, and no other, and that such property was so applied by

means of an execution issued upon the judgment. The plaintiff replied, taking issue upon the first plea. He also replied to the second plea, not denying any of the facts therein stated, in respect to the condition annexed to the cognovit, or the sale of the defendant's property upon the execution, but taking issue on an averment in the plea that on such sale the property sold for $3000. On demurrer to the replication it was held good, and the cause went to trial on the issues of fact. *Held* that on the trial, evidence of the accord and satisfaction was admissible; it not being competent for the court, at nisi prius, to pass upon the question as to the validity of the plea of accord and satisfaction.

*Held also* that the second plea was not a plea of accord and satisfaction, but was a plea that the debt had been levied upon a *fi. fa.* and was therefore good.

*Held further*, that upon that plea the *amount* levied, upon the execution, was material; and that the demurrer was therefore properly overruled.

*Also held* that it was competent for the defendant, on the trial, to give the judgment record and the execution in evidence, for the purpose of proving his plea.

ERROR to the New-York common pleas. The declaration was in debt, on a judgment recovered in the New-York common pleas in May term, 1844, by Lynch against Welch for $2505,37; admitting a payment of $1363,63 made thereon by Welch on the 25th of June, 1844; and claiming that $1141,74 still remained due upon such judgment. The declaration also contained the common money counts. The defendant pleaded two pleas. 1st. That after the confession of the judgment declared on, to wit, on the 25th of June, 1844, the defendant delivered to the plaintiff all and singular the property and effects of the defendant, of great value, to wit, of the value of $3000, being the same property and effects of the defendant then in the store No. 57 West Broadway, corner of Reade-street in the city of New-York, consisting of a stock of groceries, fixtures, &c. and being the same previously sold to the defendant by the plaintiff, in full satisfaction and discharge of the said judgment, and of all the said sums of money in the first count of the plaintiff's declaration mentioned, and of the several promises and undertakings for which the judgment was confessed; which property and effects the plaintiff accepted and received of and from the defendant, in full satisfaction and discharge of the judgment, and of all the sums of money mentioned in the first count of the declaration, and of the several promises and undertakings for which the judgment was confessed. 2d. Ad-

mitting the confession of the judgment, alledging that such con-
fession was by cognovit, to which the following condition was
annexed :  " *The execution on the judgment hereupon entered,
to be levied and satisfied, at any time, upon and out of the
property and effects of the defendant, in the store number* 57
*West Broadway, corner of Reade-street, in the city of New-
York, and on and out of no other property whatever of the
said defendant.*"   The plea then alledged that after judgment
was entered upon the said cognovit, a *fi. fa.* was issued to the
sheriff of New-York, thereon, against the goods and chattels of
the defendant, on which was endorsed a direction to levy
$2050,37 damages and costs, with interest from June 10th, 1844,
besides fees, " upon and out of the property and effects of the
defendant in the store No. 57 West Broadway, and on and out
of no other property of the defendant."   That upon such execu-
tion the sheriff seized certain goods and chattels of the defend-
ant, of great value, to wit, of the value of $3000, being the same
property mentioned in the confession of judgment, and sold the
same at public sale, for $3000, and delivered the money, after
deducting his fees and charges, to the plaintiff; concluding with
a verification, and prayer of judgment.   The defendant also
pleaded *nil debet.*

The plaintiff replied to the first plea, taking issue thereon.
To the second plea he replied, that the property and effects of
the defendant, mentioned therein were not sold by the sheriff,
under and by virtue of the *fi. fa.* as stated in said plea, for the
sum of $3000, but that such property and effects were sold for
a much less sum, to wit, the sum of $1363,63, over and above
the sheriff's fees, and that that sum was paid by the sheriff to
the plaintiff, and was the same sum mentioned in the plaintiff's
declaration, as paid in part of the said judgment.

To this replication the defendant demurred, and assigned the
following causes:   That the plaintiff had not, by said replica-
tion, taken issue upon the matters alledged in the plea, but had
attempted to take issue upon a matter not alledged therein, viz.
that the property and effects of the defendant were sold by the
sheriff for the precise sum of $3000 ; whereas the defendant

Welch v. Lynch.

had not offered in issue, by the said plea, the allegation that the property and effects were sold for any particular sum. Also, that the plaintiff had attempted to take issue upon an immaterial allegation, laid under a videlicit in the plea, and that the plaintiff had not shown that such property and effects were sold for a less sum than the amount of his debt and costs. The plaintiff joined in demurrer.

The common pleas adjudged the replication sufficient, and overruled the demurrer. It awarded a venire, to try the issues of fact; staying judgment in the meantime. On the trial the plaintiff's counsel insisted that the defendant had, by his plea, admitted the judgment record as set forth in the first count of the declaration; and the plaintiff claimed a verdict for the amount of the balance of the judgment, as set forth in said first count, with interest. The defendant produced, and offered to read in evidence, the judgment record mentioned in the first count of the plaintiff's declaration.

The counsel for the plaintiff objected to the introduction of said record in evidence, because it did not tend to prove the issue to be tried in the cause, and because the defendant having by his plea admitted the judgment declared on, could not in this manner show a variance, or otherwise contradict the allegations in said declaration. The court sustained the objection and rejected the record, to which defendant's counsel excepted. The counsel for defendant then offered to prove and read in evidence a writ of fieri facias, issued to collect the amount mentioned in said judgment record and the indorsement thereon. The counsel for the plaintiff objected to the introduction of said *fi. fa.*, as being irrelevant, and not tending to prove the issue to be tried. The court entertained the objection, and refused to admit such *fi. fa.* to be proved and read in evidence, to which the defendant's counsel excepted. The defendant's counsel then produced and offered to prove and read in evidence the cognovit on which said record was founded, and to prove that the same was taken by the plaintiff in person. The counsel for the plaintiff objected to the introduction of said cognovit and evidence, on the same ground that the judgment record was

Welch *v.* Lynch.

objected to ; which objection was sustained by the court, and such cognovit was not admitted in evidence, to which the defendant's counsel excepted.

The judge charged the jury, that the defendant admitted the judgment declared upon ; and the question in issue was, whether the goods in store No. 57 West Broadway, corner of Reade-street, were received in satisfaction of the judgment by the plaintiff. That if the plaintiff agreed to receive, and did receive, the goods in satisfaction of said judgment, then they should find for defendant ; and that if he did not agree to receive said goods, and did not receive the same, in satisfaction of said judgment, then they should find for plaintiff. To which charge the defendant excepted. The jury found a verdict for the plaintiff, for $1141.74 debt, and $73,26 damages, and six cents costs, and the defendant brought a writ of error.

*M. S. Bidwell,* for the plaintiff in error.

*C. O'Conor,* for the defendant in error.

*By the Court,* EDMONDS, J.   To the count on the judgment two pleas were interposed,

1. Accord and satisfaction.   Though this may not have been a good plea, because, resting *in pais,* it was not allowable at common law, and it has been settled that it does not come in under the statute permitting a plea of payment ; (*Mitchell* v. *Hawley,* 4 *Denio,* 414 ;) yet the plaintiff did not demur, but took issue, and the cause went down to trial on that issue.

2. The defendant pleaded specially that the judgment was rendered on a cognovit containing a condition that the judgment should be satisfied out of certain specified property, and no other, and that such property was so applied by means of an execution levied upon it, and sold under that levy. To this plea also the plaintiff did not demur, but he replied, not denying any of the facts above stated, but taking issue on an averment in the plea that on such sale the property sold for $3000. To this the defendant demurred. The demurrer was overruled and

Welch *v.* Lynch.

the cause went down to trial on the issue tendered by this replication also.

On the trial the court erred in rejecting the evidence offered of the accord and satisfaction thus pleaded. It was not competent for the court, at nisi prius, to pass on the question whether the plea of accord and satisfaction was good. The plaintiff not having demurred, it could be decided only on motion in arrest of judgment, or upon motion for judgment *non obstante veredicto*. But the evidence was all competent to prove the issue joined, and the court was wrong in rejecting it.

This upon the 1st plea only.

Upon the second plea, it is insisted that the demurrer ought not to have been overruled, unless the plea was bad in substance; because the replication was bad, as it tendered an issue on an immaterial averment. If the plea was accord and satisfaction it was doubtless bad; but if it was a plea of payment, or was a plea that the debt had been levied, under a fi. fa., it was good. Now this plea is not of accord and satisfaction, but is a plea that the debt had been levied on the fi. fa. It contains all the elements of such a plea. It only incidentally mentions the stipulation that satisfaction is to be obtained out of certain property; but it does not aver that the execution was levied on that property, but generally, on goods and chattels of great value, viz. more than enough to pay the debt. Upon such a plea the amount levied becomes quite material; therefore the common pleas were right in overruling the demurrer. And thus the cause went down to trial on this issue—whether the debt had been levied on a *fi. fa.* But here again the court erred, on the trial, in rejecting the evidence offered; as it was entirely competent for the defendant to give the judgment record and the execution in evidence, in order to prove his plea.

The judgment must be reversed, and a *venire de novo* awarded.

Judgment reversed.