### KEELER *vs.* SALISBURY.

Where additional security is required, and received, by a creditor for a part of his debt, this is a good consideration for the relinquishment of the residue, and may be pleaded as an accord and satisfaction, in bar of the recovery of any portion of the debt, beyond the sum thus secured.

Thus, where S. was indebted to K. on a bond, secured by a mortgage executed by S. *alone* in a sum exceeding $2500, and a suit to foreclose the mortgage had been commenced; and S. thereupon, *together with his wife*, executed a new mortgage to K. upon *other* land, the wife thus releasing her right of dower therein; *Held* that this was a good consideration to uphold an agreement by K. to release and discharge the debt secured by the first mortgage, over and above the sum of $2500.

After a condition is broken, a valid satisfaction may be made upon an agreement which is not by parol.

ACTION on a bond made by the defendant, dated 1st April, 1839, conditioned for the payment to the plaintiff of the sum of $2911, in 15 installments, the last payable in 1854, with annual interest. Defense, 1st, a denial; 2d, payment; 3d, an agreement made on the 19th of April, 1842, to reduce the bond to $2500, and payment of that sum; 4th, set-off. The bond was secured by a mortgage of same date, on a farm of 117½ acres, in Middlesex, Yates county. Payments were made and indorsed from time to time. On the 7th March, 1842, a part of the debt being due and unpaid, the plaintiff filed a bill in chancery to foreclose the mortgage. The defendant was embarrassed and unable to pay. The land covered by the mortgage was not an adequate security for the debt. Under these circumstances it was agreed by the parties that if the defendant would pay the costs of the foreclosure suit, and give a *new* mortgage on *other* lands as collateral security for the debt, the plaintiff would discontinue the suit and reduce the debt to $2500. The defendant paid the costs, and gave a new mortgage on 36 acres of land; his wife joining therein. This agreement was made on the part of the plaintiff by Lorenzo Hoyt as his agent, and was evidenced by the following instrument in writing:

" In consideration of John Salisbury's executing to me a

mortgage upon 33 acres of land in Middlesex, Yates county, as collateral security for the payment of $2500 and annual interest of the same, specified in a certain bond and mortgage from the said Salisbury to me, bearing date the 1st day of April, 1839, and according to the terms specified in said bond and mortgage, I hereby release and discharge said Salisbury from the payment of the sum intended to be secured by said bond and mortgage above the sum of $2500.

Witness my hand this 19th day of April, 1842.

LORENZO HOYT, for RUSSEL B. KEELER."

The counsel for the plaintiff objected to the reception of this instrument in evidence, on the ground that no authority had been shown authorizing Hoyt to execute the same. The objection was overruled ; the counsel for the plaintiff excepted, and the paper was read in evidence.

On the trial, it was made a controverted question whether the agreement was authorized, or ratified, by the plaintiff. The judge charged the jury, among other things, that if they should find, from the evidence, that Hoyt was authorized by the plaintiff to enter into the agreement of the 19th April, 1842, by which the original mortgage was reduced to $2500, that was a good and valid agreement, and the plaintiff was bound by the same, and to reduce the bond in question to that sum. That if there was any defect of authority in Hoyt to enter into the arrangement for the plaintiff, at the time it was made, and the plaintiff afterwards ratified it with knowledge of what had been done, it was equally binding upon him. That if the jury believed the evidence on the subject of the negotiation between the parties, in the fall or winter previous, and that what Hoyt did as the plaintiff's agent in taking the mortgage on the 36 acres and entering into the agreement of 19th April, 1842, and making the indorsement on the mortgage of that date, afterwards came to the knowledge of the plaintiff, if he intended to disavow the acts of Hoyt and not to abide by them, he was bound promptly to disavow them to the defendant. That although the agreement of the 19th April,

Keeler *v.* Salisbury.

1842, was unauthorized, and entered into by Hoyt without authority, it was the duty of the plaintiff as soon as the same came to his knowledge, to have notified the defendant of his dissent, and to have returned the mortgage to the defendant; and that the jury might properly take into consideration the plaintiff's neglect, in determining whether he had or had not ratified the agreement. To which the counsel for the plaintiff excepted. The counsel for the plaintiff then requested the court to charge the jury that the agreement of 19th April, 1842, even if the same had been authorized by the plaintiff, could not operate as a release of the sum mentioned in the bond or any part thereof, which the court refused; and the counsel for the plaintiff excepted. The counsel for the plaintiff then requested the court to charge and instruct the jury that the agreement of the 19th April, 1842, was not good .as an accord and satisfaction, which the court declined to do. To which refusal the counsel for the plaintiff also excepted. The plaintiff claimed $2480, with interest from Nov. 1853, as being due on the bond; the defendant claimed that it was overpaid. The jury found a verdict for the plaintiff, for $241.04, and the defendant, upon exceptions, moved for a new trial.

*D. B. Prosser,* for the plaintiff.

*Smith & Lapham,* for the defendant.

*By the Court,* JOHNSON, J. The case of *Platts* v. *Walrath,* (*Lalor's Sup.* 59,) would be directly in point, and entirely conclusive upon this case, had the second mortgage been executed by the defendant alone. That case holds that the giving a mortgage upon real estate, as a collateral security to a note, by the maker of such note, forms no consideration for an agreement to throw off, or relinquish, a portion of the amount of such note. This proceeds upon the ground that a debtor is under a legal duty and obligation to pay all his debts, and

that his whole estate is legally and honestly pledged to their payment; and that mortgaging a portion of it, is only pledging it in a different form for the same purpose. Cowen, J., who delivered the opinion of the court in that case, admits that, "had the security been a collateral thing, or a chose in possession, the effect would have been different."

The evidence in the case before us shows that the mortgage upon the 36 acres was executed by the defendant and his wife. The plaintiff therefore by this mortgage obtained a release of the wife's right of dower, and consequently a security beyond what the law would give him upon the original indebtedness, and beyond what the defendant was under any legal or moral obligation to give. This, in my judgment, furnishes a good consideration to uphold the agreement to release and discharge the sum intended to be secured by the first mortgage, above the sum of $2500. It gave the creditors, if not " a collateral thing," at least an additional right, over which neither he nor the defendant had before any control. The case is thus, as it seems to me, brought directly within the principle of those cases which hold that where a debtor secures part of his indebtedness by the note or indorsement of a third person, and such note or indorsement is accepted by the creditor in satisfaction of the whole original debt, it is a good accord and satisfaction of the whole. (*Boyd* v. *Hitchcock*, 20 *John.* 76. *Le Page* v. *McCrea*, 1 *Wend.* 172. *Kellogg* v. *Richards*, 14 *id.* 116.) The additional security required, and received by the creditor, for part of his debt, is a good consideration for the relinquishment of the residue, and may be pleaded as an accord and satisfaction, in bar of the recovery of any portion of the debt, beyond the sum thus secured.

When the second bond and mortgage were executed, the condition of the first bond was broken, and the plaintiff had commenced his action to foreclose the mortgage, although only a small portion of the annual payments were actually due. The cases show that after the condition is broken a valid sat-

isfaction may be made upon an agreement which is not by deed. (*Strang* v. *Holmes*, 7 *Cowen*, 224. *Smith* v. *Trousdale*, 77 *Eng. Com. Law R.* 83. *Pinel's case*, 5 *Coke*, 117.)

I think the charge is unexceptionable in all its positions, and that the refusal to charge as requested was correct. The declarations of the agent, Hoyt, made when the note was taken to him, so far as they went to show what he received it for, or on what account it was taken, were proper evidence, as part of the *res gestœ*. The objection was too general to be available. It did not specify any particular ground of objection; and a portion of his statement was certainly competent evidence. As to the other objections, there was no exception taken to the ruling. And even if the decisions were erroneous, it is impossible to see how the plaintiff could have been prejudiced by them. A new trial should therefore be denied.

[CAYUGA GENERAL TERM, June 7, 1858. *Welles, Smith* and *Johnson,* Justices.]