## MERCHANTS' BANK vs. CURTISS.

It is well settled that an accord and satisfaction by one of several obligors or wrongdoers is a satisfaction as to all; and a partial satisfaction by one of several wrongdoers is a satisfaction, *pro tanto*, as to all.

In an action against the defendant for fraud in the negotiation of a loan from the plaintiff to H., upon his bond and mortgage, and for fraudulent representations and concealments relative to the mortgaged premises, it appeared that the negotiation of the loan was conducted by C., an attorney employed by the defendant; that on the discovery of the fraud, C. being charged therewith, executed, together with one T., a bond to the plaintiff, conditioned for the payment of the mortgage debt; that C., subsequently confessed judgment in favor of the plaintiff for the amount then unpaid upon the mortgage debt, and paid a portion of such judgment. *Held* that if there was *any* evidence to connect C. with the fraud and to show a guilty complicity on his part, it should have been submitted to the jury, with instructions that if they found the defendant and C. were both engaged in practicing a fraud upon the plaintiff, then the sum paid by C. on his bond, and the judgment recovered thereon, should be allowed to the defendant in diminution of the damages, to that amount.

And that the jury should have been further instructed that if they found the defendant and C. together practiced the fraud upon the plaintiff, and that upon C.'s being charged with it, he and T. executed their bond to the plaintiff in settlement and satisfaction of the cause of action then existing, the plaintiff was not entitled to recover. BACON, J. dissented.

APPEAL from a judgment on the verdict of a jury, upon exceptions taken at the trial, and also from an order made at a special term denying a motion for a new trial.

*F. Kernan,* for the appellant.

*C. B. Sedgwick,* for the respondent.

ALLEN, J. The action was for fraud in the negotiation of a loan by the plaintiff to one Alva Hazen, upon his bond and mortgage, and for fraudulent representations and concealments relating to the mortgaged premises, their situation and value. The alleged fraud consisted in palming off upon the plaintiff a mortgage upon two parcels of land of comparatively small value, and inadequate to secure the amount

loaned, by inducing the plaintiff to believe that the valuable homestead of the mortgagor was described in the mortgage as a part of the mortgaged premises, and also in misrepresenting the condition and value of the premises actually mortgaged, as well as the location, size and value of the homestead farm proposed to be mortgaged, omitted from the mortgage. The loan was made for the benefit of Hazen, the mortgagee, and the money was appropriated to the payment of his debts, for most of which the defendant was his surety as an indorser of his notes, after others who were primarily liable. The negotiation of the loan was conducted by Stephen Cromwell, an attorney and counsellor of this court. He was a witness upon the trial, and testified that he was employed by the defendant to effect the loan. He was paid for his services from the money borrowed. In 1853, about a year after the making of the loan, the plaintiff ascertained that the mortgage did not cover the homestead and was an inadequate security for the mortgage debt, and at once wrote to Cromwell, with whom the business connected with the loan and mortgage had been conducted, and he, together with Artemus Trowbridge, who, with one Potts, (who has since removed from the state,) appraised the mortgaged premises and testified upon oath as to their value, gave to the plaintiff their bond, conditioned for the payment of the mortgage debt. The giving of this bond was concealed from the defendant and not known by him until a few weeks before the trial of this action.

Cromwell, in July, 1857, confessed a judgment in favor of the plaintiff, for the amount then unpaid upon the mortgage debt, and up to the time of the trial had paid thereon over $2300. At the close of the plaintiff's evidence the judge ruled and decided that the bond given by Trowbridge and Cromwell and the judgment thereon against the latter, and payments made by him to the plaintiff, could not and did not affect the amount of damages in this action. At the close of the evidence the judge was requested by the plaintiff's

Merchants' Bank *v.* Curtiss.

counsel to charge the jury that the defendant was in this action entitled to no deduction or allowance on the damages, on account of the payments made by Cromwell to the plaintiff, or his agreement to pay or indemnify the plaintiff; and he did so rule, decide and instruct the jury. The counsel for the defendant requested the court, among other things, to charge the jury that if they found that the defendant and Cromwell were both engaged in practicing a fraud upon the plaintiff, then the amount paid by Cromwell to the plaintiff on his bond, and the judgment thereon, was to be allowed on the cause of action, or in diminution of the damages to that amount. The court declined so to charge, on the ground that there was no evidence to warrant the jury in finding that Cromwell was engaged with the defendant in practicing the fraud. The counsel for the defendant then requested the court to charge that if the jury found that the defendant and Cromwell together practiced the fraud upon the plaintiff, and that the plaintiff charged it on Cromwell, and he and Trowbridge executed their bond to the bank in settlement and satisfaction of the cause of action then existing, the plaintiff was not entitled to recover; which instruction was refused, for the reason before alleged. The judge did charge that if the plaintiff was entitled to recover, the amount of the recovery should be the amount of the mortgage debt and interest to the day of the mortgage sale, less the payments of interest thereon, and the fair cash value of the mortgaged premises at the time the mortgage was given; and was not to be affected by the bond given by Trowbridge and Cromwell to the plaintiff, or the judgment thereon, or the payments made by Cromwell; that these were to be left entirely out of the case, in assessing the damages. The defendant, by his counsel, in due time and form excepted severally to these rulings and decisions and refusals to charge as requested, and the jury found a verdict for the plaintiff for $4381.67.

The principle that a party may have several remedies against wrongdoers, but can have but one satisfaction, was

recognized by the judge, at the trial. It is well settled that an accord and satisfaction by one of several obligors or wrong-doers is a satisfaction as to all. (*Strang* v. *Holmes,* 7 *Cowen,* 224. *Knickerbacker* v. *Colver,* 8 *id.* 111.) It follows that a partial satisfaction by one of several wrongdoers is a satis-faction, *pro tanto,* as to all. The rulings at the circuit were based upon a supposed want of evidence to connect Cromwell with the fraud; the learned justice being of the opinion that there was no evidence to be submitted to the jury upon that point. In this I think the judge erred. Assuming, without deciding, that the evidence warranted the verdict of the jury against the defendant, the same evidence tended to show guilty complicity on the part of Cromwell, in the fraud. We are not called upon to pass on the sufficiency of the evidence to con-nect Cromwell; but if there was any evidence, it should have been submitted to the jury with the instructions asked for by the defendant. The entire negotiation was conducted by Cromwell, and all the representations as to the situation and value of the premises proposed to be mortgaged were made by him. He drew the affidavit of the appraisers, and delivered the mortgage to the plaintiff, and received the money loaned upon it. He was, or professed to the plaintiff's agent to be, familiar with the mortgaged premises, and went with the agent to inspect them; and the agent swears that he pointed out the boundaries of the homestead farm proposed to be mortgaged with other premises. And the other evidence in the case shows that those boundaries were not the true boundaries, but grossly erroneous, and must have been known by Crom-well not to have been the true boundaries. Cromwell says that Hazen in his presence pointed out and described the premises to the plaintiff. There is no evidence that the de-fendant ever saw the mortgage, or knew what premises were included in it; but Cromwell admits, and all the evidence shows, that the mortgage and all the papers passed through his hands. When called upon by the plaintiff, after a dis-covery of the fraud, he at once, without any adequate mo-

tive, unless he was chargeable with some fraud, gave his own bond for the payment of the mortgage debt of $5000 and interest. There was evidence tending to show, and for the consideration of the jury, that the homestead farm was not and could not, by reason of other incumbrances, have been included in the mortgage to the plaintiff. His claim that he acted upon the instance of the defendant, was no protection to him for the fraud, if he participated in it. In torts all are principals, and one cannot claim indemnity from the other. The question of fact should have been submitted to the jury, and they should have been instructed in accordance with the requests of the defendant's counsel. Upon Cromwell's own statement the evidence of fraud was as strong against him as it was against the defendant; and the judge erred in holding that there was no evidence to be submitted to the jury upon that subject.

The judgment must be reversed, and a new trial granted; costs to abide the event.

MULLIN and MORGAN, Justices, concurred.

BACON, J. dissented.

[ONONDAGA GENERAL TERM, October 1, 1861. *Bacon, Allen, Mullin* and *Morgan*, Justices.]