By the Court, Robertson, Ch. J.
A distinction is recognized at law between the continuing obligation of a specialty and a liability under it for damages for a violation of stipulations contained in it. It requires an instrument of equal solemnity to dissolve the former, or even modify the terms of the instruments, unless as to time of performance of an act, (Clark v. Dales, 20 Barb. 42,) and then only on the principle of estoppel. (1 Roll. Abr. 453, pl. 5. Year Book, 2 Hen. VI. 37. Fleming v. Gilbert, 3 John. 528.) A contract agreed by parol to be accepted in discharge of. such obligation, or to modify the terms of such instrument under seal, even if performed ; or a chose -in action delivered and received in satisfaction, will not produce such effect. (Healy v. Spence, 8 Exch. 668. Smith v. Trowsdale, 5 El. and Bl. 685. Suydam v. Jones, 10 Wend. 80. Delacroix v. Bulkley, 13 id. 71. Allen v. Jaquish, 21 id. 628, overruling Dearborn v. Cross, 7 Cowen, 48. Eddy v. Graves, 23 id. 82. Mitchell v. Hawley, 4 Den. 414. The Mayor of Berwick, &c. v. Oswald, 1 El. & Bl. 295.) There is therefore nothing in the evidence before us .shewing a legal rescisión or modification of the original agreement of October, 1860, and á consequent failure of consideration of the note in suit.
Damages, however, for the breach of a covenant, may be satisfied by the delivery and acceptance of something else in *17 satisfaction of them, or a new contract may he entered into and accepted as a substitute therefor. (Townsend v. Empire Stone-dressing Company, 6 Duer, 208. Delacroix v. Bulkley, ubi sup. Lattimore v. Harsen, 14 John. 330. Keeler v. Salisbury, 27 Barb. 485. 5 Coke, 117.) Even in a technical accord and satisfaction, its efficacy arises from the agreement contained in the former, and not from the performance thereof implied in the latter word. (1 Saund. Pl. and Ev. 23. Bac. Abr. Accord and S. 3 Steph. Con. 373. 1 Chit. Pl. 613. 2 id. 924, 1022, 1031, 1156.) And for that very reason, among others, the obligation of a specialty cannot be discharged by a parol executory accord, notwithstanding its terms are carried out. There can be no doubt, however, that the acceptance of a new agreement is satisfaction of a cause of action arising under a prior one, whether under seal or not, is a bar to any action therefor. Such new agreement may be either the assumption of new liabilities, a promise to pay a further sum, an undertaking of new duties or acts to be performed, an exchange of securities, or the surrender or apportionment of debts or property. (Addison on Contracts, 1099.) The reason assigned for which is that the party with whom the new contract is made has a remedy to enforce it by action. (Com. Dig. Accord, B. 4. Cartwright v. Coolie, 3 B. and Ad. 701. Evans v. Powis, 1 Welsb. H. and G. (1 Exch.) 607.) This is usually ranked as a species of accord and satisfaction, although, but for the fact that the original contract still remains obligatory, it would more nearly approach the novation of the civil law, (Instit. Lib. 3, Tit. 30, de Novatione, Cod. Lib. 8, Tit. 42, sect. 8, Dig. Lib. 46, Tit. 2, de Novationibus,) of which the substitution of a new debtor for an old, is the only branch recognized by our. law. The distinction between an accord and such a substituted agreement is pointed out in Tilton v. Alcott, (16 Barb. 598.) The liability of the party making an accord which he refuses to execute is recognized in Billings v. Vanderbeck, (23 Barb. 546.) In Potter v. Smith, (14 John. 444,) a delivery by the defendant to the plaintiff of certain property to be accepted by the latter in satisfaction of a certain part of the amount of a- judgment *18 against the former, and half the costs included in it, and his agreement to release any errors in obtaining such judgment, in consideration of the relinquishment by the plaintiff of the other half of such costs, and a levy under two executions, was held to be good by way of accord and satisfaction. Mitchell v. Hawley, (4 Den. 414,) does not militate against this doctrine, because, in that case, the plaintiff merely agreed not to pursue one of the defendants if he would agree not to appeal from the judgment against them, where the remedy of such defendant (as on a covenant not to sue) would be on the agreement. The case of Keeler v. Salisbury, (27 Barb. 485,) which was subsequent, fully sustains the principle of the discharge of a cause of action by a new agreement The other before cited cases of Townsend v. Empire Stone Dressing Company, Delacroix v. Bulkley, and even Lattimore v. Harsen, (the point of which seems to be mistaken in Dearborn v. Cross, ubi sup.) are fully in point.
The same doctrine is more fully elaborated and distinctly stated in the English cases. In Gould v. Cheeseman, (2 B. and Ad. 328,) creditors who had accepted the covenants of their debtor, and his agreement to pay a trustee in satisfaction of debts due them, were precluded from maintaining an action against him for the original cause of action. An agreement by one party to an action to pay the costs of it, and- by. the other to pay a certain sum, and by both that all disputes should cease, it was held might be pleaded in bar of a further maintenance of the action. (James v. David, 5 T. R. 142. Crowther v. Farrer, 15 Q. B. 677. Cooper v. Parker, 14 C. B. 118.) An agreement between the parties to an action accepted by the plaintiff in full discharge of a prior agreement was, on demurrer to a plea setting up the same, held to be a substituted■ contract, and an answer to an action, or that for which it was substituted. (Taylor v. Hillary, 1 Cr. M. and R. 741.) The acceptance of an agreement to submit to arbitration certain matters in satisfaction of other claims was held to be a good bar to an action for the latter. (Williams v. The London Com. Exch. Co. 10 Exch. 569.) In an action on an award, a plea of a substituted *19 agreement accepted in place of its performance,- was held good, (Smith v. Trowsdale, ubi sup.) as the action was not on the submission under seal.
But in all the cases just referred to, as well as others, great stress is laid on the existence of some agreement to accept the new undertaking in place of the performance of the old, and the distinction is preserved between accepting the acts agreed to be done, or the things to be delivered, in satisfaction, and accepting the mere agreement to do or deliver them in the same way. Thus, a plea of an agreement entered into by the parties to an action whereby the defendant promised to do a certain thing, and of the settlement, satisfaction, discharge and termination thereby of the cause of action in suit, was held bad for want of averring an acceptance by the plaintiff of such agreement, in satisfaction. (Hall v. Flocton, 20 L. J. 208.) In other words, there must be an accord.
It is necessary, therefore, in all cases to allege and prove, either by the terms of the new contract or evidence aliunde, the existence of an agreement to accept such new contract itself, and not the mere performance of its terms, in satisfaction of'the prior contract. The referee has found in this case, as facts, not only the absence of any understanding between the parties when making and accepting the written proposition of J une, 1861, that such making and acceptance, and the defendant’s assumption thereby to perform what was therein required of him, should be a substitute for, or in extinguishment of, the original articles of agreement and the covenants therein contained, or of the defendant’s promises as maker of the five notes therein mentioned, including that in suit; but also an actual understanding between the parties that only the defendant’s performance of the matters required to be done by him in such written proposal, should determine and put an end to such articles of agreement and the defendant’s liability as maker of such notes. The first of such facts was evidently founded on the entire absence of any extrinsic evidence to show that there was any understanding dehors the written proposition to render its making and acceptance a satisfaction per se, *20 both of the prior agreement and the notes therein mentioned. The second was evidently founded on an interpretation of the terms of the proposition itself, and may, therefore, properly be said to be a question more of law than of fact.
Such proposition opens with a proposal to do three things, on certain terms therein specified : 1. To release the defendant from all obligations in the original contract of October, 1860. 2. To return him four of the notes mentioned therein, including that in suit! 3. To release him from all obligations in selling plumbago. Such terms, among other things, required the defendant to discharge a certain note of his, on which about $540 was due ; to pay a small sum for interest, ($21;) and deliver over certain notes of his own for certain amounts ; as well as the notes of two other persons, (Seabury and Col-burn.) It closed by stating : “ I agree to return the said four notes, whey, you have paid the note for $540 and $21 to me, and have passed over to me said notes of Seabury, Oolburn and yours, or to have them ready for delivery on a certain day, which shall be prior to July 10f/t ensuing. On these terms I will give you a receipt in full for all demands,” (except a certain specified note,) “ cancel the contract, and take also a receipt in full for all demands.” The fixing of the time for the relinquishment of the notes in question by the first part of such clause, was evidently separated from the release of the defendant from his obligations under the original contract, and such surrender was made to depend upon paying the sums specified, and delivering the note referred to by the time so fixed. By the second part of such clause only a promise was made to discharge the defendant entirely, upon the terms therein recited, including such payment and delivery. There can be no doubt that this was, as stated by the learned referee in his opinion, “ clearly a mere accord, where performance, and only that, was to be satisfaction, or work an extinguishment of prior liabilities.” This is still further evidenced by the requisition in such proposition that the defendant should pay the sum of $21 for interest on “the settlement of the papers,” and that *21 he should transfer notes, not then in existence, of third persons.
Such terms, however, never were complied with, the Seabury and Colburn notes never having been delivered or tendered, or the $540 note paid; so that the agreement* as originally adopted, was never carried out. It is claimed* however, that the time of performance was not of the essence of the contract, and that the other parties have so conducted themselves in reference thereto as to make it immaterial, and that part performance has been accepted. The defense of an accord and satisfaction was entirely legal, and not equitable. There was no equity extending the time for performance beyond that fixed in such original agreement, until the new arrangement was afterwards made, to accept the defendant’s note in place of Seabury’s, which extended it to the time of such acceptance, and disposed of that act of part performance. The correspondence of the 20th of September, possibly extended the time of payment of cash required by the original terms of settlement to the maturity of the defendant's note then given. The acceptance of the assignment of the Dixon & Co. account would, if the note had been delivered, have been a compliance with that condition of the settlement. But the defendant's refusal to deliver such note, unconditionally, and the consequent notification to him by the other parties of the termination of such negotiation for a settlement took away all right to further delay. Even if it had not, and the time for obtaining the Col-burn note was prolonged until that time, that note never was offered, nor was the delay accounted for. The original arrangement was, therefore, never carried out, nor any modification, without which the defendant remained liable on his notes.
The powder whose delivery formed part of the arrangement was, at the very time of making it, on its way to the plaintiff and the Butlers, and was their property under the original agreement. For the price paid for it, the defendant was secured under the original agreement.
If there be any collision between the testimony of the defendant and Mr. Butler as to the occurrences and dealings be *22 tween them, I think there is good ground for giving greater credence to the latter’s statements in consequence of the want of good faith in the former in withholding the Seabury note, and also the note of Dixon & Oo. after having assigned it. The second, third, fourth, fifth and sixth defenses in the answer, if counter-claims, are not admissible against the plaintiff, (Code, § 150,) and are not the subject of a legal set-off, (Cummings v. Morris, 3 Bosw. 560; S. C. 25 N. Y. Rep. 634,) and were properly excluded.
The judgment should be affirmed, with costs.