THOMAS N. LAWRENCE, Respondent, *against* WILLIAM J. BARKER, Appellant.

(Decided November 10th, 1879.)

The defendant in an action for rent upon a sealed indenture of lease, testi-
fied at the trial that he delivered to the plaintiff certain notes of a third
person, with defendant's indorsement, under a parol agreement that
such notes should be accepted in payment of the rent due and to fall
due under the lease. *Held,* that such a transaction would constitute an
accord and satisfaction, not only for a past but for a future breach of the
covenant, to pay rent.

APPEAL from a judgment of this court entered upon a ver-
dict directed by the court at the trial.

In April, 1873, the defendant, by an instrument under seal,
hired of the plaintiff certain premises in the city of New
York, from May 1, 1873, to May 1, 1876, at the yearly rent of
$4,200, payable monthly in advance. On February 17, 1876,
the defendant being indebted to the plaintiff for rent which
had already fallen due, in the sum of $550, gave to the plaint-
iff five notes of one Mrs. Pierce for $250 each, which were
indorsed by the defendant, and which the defendant swore
the plaintiff agreed to accept in payment of the rent then due
and the rent which should thereafter fall due under the lease.
There had been $300 only paid on account of these notes.

The plaintiff brought this action to recover the amount of
rent still remaining unpaid.

The answer of the defendant was accord and satisfaction.

The court directed a verdict for the full amount claimed,
and from the judgment entered thereon the defendant appealed.

*B. P. Kernan* and *John M. Mackey,* for appellant.

*John S. Lawrence,* for respondent.

VAN BRUNT, J.—There was evidence which required that
the question as to whether a note or notes were received in
payment, should have been submitted to the jury.

It may be very true that the evidence of the defendant upon

Lawrence *v.* Barker.

this point, considering the manner and the circumstances under which it was given, should have been looked upon with great suspicion, but this fact did not empower the court to take away from the jury the right to pass upon its credibility. But the plaintiff claims that · as to the rent which fell due subsequently to the taking of the notes, it was not discharged by the transaction of the 17th of February, 1876, even· if the broadest construction is given to the defendant's version of that transaction, upon the ground that covenants under seal, which are not yet broken, cannot be discharged by parol, and cites the cases cf *Mitchell* v. *Hawley* (4 Denio, 417), and *Clough* v. *Murray* (3 Robt. 16), as authorities.

These authorities do not hold that an accord and satisfaction if executed, even if in parol, is not a bar to an action upon covenants, even if thereafter broken. *Mitchell* v. *Hawley* simply holds that an accord executory is no bar. *Clough* v. *Murray* decides the same thing. It is true that the learned justice who wrote the opinion in that case uses language which bears the construction put upon it by counsel, but the authorities cited to support it fail to do so, and, indeed, the case of *Allen* v. *Jaquish* (21 Wend. 628), expressly holds that covenants under seal may be discharged by parol agreements, if fully executed, but if any part remains executory, so that the accord is not complete, it will not operate as a discharge.

The judgment must be reversed and a new trial ordered, with costs to abide the event.

J. F. DALY and BEACH, JJ., concurred.

Judgment reversed and new trial ordered, with costs to abide the event.