# City Court.

Trial Term—February, 1887.

## ALBRECHT against JOHNSON.

**Accord and satisfaction—receipt in full.** The payment of a portion of an undisputed account, and the giving a receipt in full does not preclude the creditor from recovering the balance unpaid.

The circumstance that the debtor borrowed the money to make the supposed settlement does not alter the legal effect of the transaction.

McADAM, Ch. J.—The law is settled that where, upon payment of a portion of an undisputed account, the creditor gives a receipt in full, he is not concluded thereby from recovering the balance, although the receipt was given with full knowledge (Ryan v. Ward, 48 *N. Y.* 204; Miller v. Coates, 66 *N. Y.* 609; Williams v. Carrington, 1 *Hilt.* 515). The receipt expresses no consideration for the discharge other than the "part payment" aforesaid, which does not sustain the plea of "accord and satisfaction." The fact that the defendant previously had a "standing credit" of $2,000 with the plaintiffs does not alter the result, as no stated time of credit was given and the money was demandable at any time. Nor does the circumstance that the defendant borrowed the money to pay the $2,000 alter the legal effect of the transaction (Bunge v. Koop, 5 *Robt.* 1; aff'd, 48 *N. Y.* 225). The rule, although called "rigid and unreasonable" (5 *Johns.* 271), and characterized as "technical and not well supported by reason" (14 *Wend.* 116), has become so firmly intrenched in our system of jurisprudence that it is idle now to question either its soundness as law or its propriety as a controlling guide in the administration of

justice. The verdict was properly directed, and the motion for a new trial must be denied.

Affirmed on appeal by city court, general term, and by the common pleas general term. See also Bliss *v·* Schwartz, 65 *N. Y.* 451 ; and incidentally, Keeler *v.* Salisbury, 33 *Id.* 653 ; Platt *vs.* Walwrath, *Lalor's Supplt.* 59.

If the debt be compromised before it is due, the accord is binding as an executed accord and satisfaction (2 Cowen's Treatise by Kingsley, § 1145) ; or if additional security be given it is valid (20 *Johns.* 76) ; or if a note of a third person be given it is binding (1 *Wend.* 164) ; or if the compromise be of unliquidated damages it is effective (1 *Denio*, 257). A satisfaction by one of several wrong-doers jointly and severally liable, is, even though only partial, a satisfaction *pro tanto* as to all (37 *Barb.* 317). As to distinction between part payment of admitted and of disputed debt, see 67 *Barb.* 393 ; 8 *Hun*, 584 ; 1 *Thomps. & G.* 5. Part payment of a disputed debt is a good accord and satisfaction (96 *N. Y.* 640). When the receipt of par-in full of a disputed claim will bar an action for the residue, the protest of the party receiving it is ineffectual (24 *Hun*, 78). The *acceptance* of the notes of a third person, under a parol agreement that they shall be taken in payment of rent due and to become due under an indenture of lease, under seal, constitutes an accord and satisfaction, not only of the past but of the future breach of the covenant to pay (9 *Daly*, 140).