## JENKINS vs. HINMAN.

Where a cause is brought to a hearing before a vice chancellor, upon pleadings and proofs, and there is an appeal from the whole decree, or decretal order, made on such hearing, the cause is before the chancellor until the decision upon the appeal; and an application to appoint a receiver in the cause may be made to the chancellor. It is otherwise where there is an appeal from the decision of a vice chancellor as to a collateral matter not embracing the whole cause.

The fact that the vice chancellor, before whom a cause is pending, has been the solicitor or counsel for one of the parties therein, is sufficient to authorize the making of an application directly to the chancellor, upon an interlocutory matter.

Upon a bill to redeem, where the complainant is in possession of the premises, which are an ample security for the amount admitted by him to be due, and the defendant insists that he is the absolute owner of the premises, and that the complainant is not entitled to redeem, the court will not order the amount admitted to be due to be paid into court, nor appoint a receiver of the rents and profits of the premises pending the litigation, if the insolvency of the complainant is fully denied.

THIS was an application for the appointment of a receiver July 7. in a suit originally commenced before the vice chancellor of the fifth circuit. The cause was heard upon the merits before the late vice chancellor of that circuit; who declined making a final decree in favor of either party, but awarded a feigned issue. From this order both parties appealed to the chancellor; each insisting that a final decree should have been made in his favor, without an issue.

*T. Jenkins,* the complainant in person, opposed the application; and among other grounds of objection, he insisted that it should have been made to the vice chancellor of the fifth circuit.

*M. T. Reynolds,* for the defendant, contended that the whole cause was before the chancellor, by the appeals, and that the application was properly made to him. It also appeared that the present vice chancellor of the fifth circuit was formerly solicitor and counsel for the complainant in this suit.

1835.

Jenkins
v.
Hinman.

THE CHANCELLOR. The fact that the present vice chancellor of the fifth circuit was, before his appointment to that office, the solicitor and counsel for the complainant, renders him legally incompetent to act as a judge in this matter, except by the consent of both parties. That circumstance alone would be sufficient to authorize the chancellor to hear and decide this application, under the provisions of the act relative to vacancies and disabilities in the office of vice chancellor. (*Laws of* 1834, *p.* 1, § 4.) Independent of this statutory provision, however, the chancellor is authorized to hear this application. By these appeals, the whole cause appears to be brought before him ; and after the decision upon the appeals, if the chancellor does not make a final decree in favor of either party, the whole cause will still remain before him for a decision upon the equity reserved, unless he shall think proper to remit the cause to the vice chancellor. (*See* 2 *R. S.* 178, § 62.) The case is otherwise, where the appeal is from a decision of a vice chancellor upon some collateral matter not embracing the whole suit.

Upon the merits of this application, however, the defendant must fail. The affidavits on the part of the complainant show that the farm is an ample security for the amount admitted to be due, if the defendant has only a mortgage interest therein. And the insolvency of the complainant being denied, on oath, there is no good reason for the appointment of a receiver to divest him of his possession, pending the litigation. The defendant claims the absolute title to the land, and repudiates the idea that any thing is due to him as the assignee of a mere mortgage security. He has, therefore, no right to ask for an order to pay the mortgage money into court.

The application to appoint a receiver is denied, with costs.