## The Brooklyn Bank *vs.* W. D. De Grauw and others.

An *accord* and *tender of performance*, is no bar to an action; to render an *accord* a bar, it must be *executed*.

Where a *debtor* tenders to his *creditor* securities for the payment of his debt, in pursuance of an agreement on the part of the creditor that by so doing he shall have day of payment. he is bound to *preserve* the securities and have them in court when he claims the benefit of the tender; if he *destroys* them, the tender is unavailable.

A *tender* is defective, if it be qualified by any thing to be done on the other side.

This was an action of *assumpsit*, tried at the Kings circuit, in April, 1839 before the Hon. Ogden Edwards, one of the circuit judges.

The suit was brought upon a note for $1200, dated 27th April, 1837, made by Wm. L. De Grauw, payable to the order of Walter N. De Grauw, *ninety days* after date. It was endorsed by the payee and another person, and a joint action brought against the maker and endorsers. The making, endorsement and protest, were admitted. The defendants then proved, that in *June*, 1837, the drawer of the note made a proposition to the bank, that if they would give up the notes which they then held against him, amounting to about $12,000 that he would give them a *deed* in trust of a house and lot in Brooklyn, which had cost him $12,000, which they might sell *forthwith* at $10,000 ; and if not sold at the expiration of two years, might sell *at auction* for the most it would bring ; and that he would also give a mortgage for three years on a plot of ground in Brooklyn, containing nearly eight lots. The *president* of the bank testified *that the bank agreed to the proposition *with the exception of*      [ *343 ] *giving up the old securities*. The *attorney* of the bank testified, that he advised the directors, instead of taking the *deed* as proposed, to take a *bond and mortgage* from De Grauw for the amount of his indebtedness, payable on demand, and that the result was, that it was agreed that De Grauw should so give his bond and mortgage, and at the same time give his note for the *whole amount* of his indebtedness, the note to be renewed every 90 days, on the payment of five or ten per cent. In the month of July, 1837, there was tendered to the president of the bank a bond, mortgage, and note, in compliance with the terms of the agreement ; the mortgage was duly acknowledged, but not recorded. The president refused to receive the papers unless *five per cent.* of the debt was paid ; and he also refused to give up the old securities. After the *tender*, the note, bond, and mortgage, were *destroyed*, by the erasure of the signatures. The circuit judge charged the jury that if the proposition of William L. De Grauw, as originally made or subsequently modified, was agreed to by the bank, De Grauw was *entitled to time* for payment of the note in question, on performing or offering to perform his part of the agreement; that the *tender* of performance was a sufficient consideration for the promise of the plaintiffs ; and if the bond and mortgage had been duly executed, and *tendered* and *refused* to be accepted, the plaintiffs were not entitled to recover. The plaintiffs excepted to the charge ; and the jury found a verdict for the *defendants*, which the plaintiffs now moved to set aside.

*M. T. Reynolds*, for the plaintiffs.

*J. Greenwood*, for the defendants.

*By the Court*, NELSON, Ch. J. Assuming that the substituted agreement for securing the bank debt had been fully proved, there is still an in-

superable difficulty in setting it up in bar of the action. It is but an accord executory. Tender of performance was proved, but this has never been *held equivalent to an execution for the purpose of [* 344 ] this defence. 5 *Johns. R.* 392. 6 *Wendell,* 390. 19 *id.* 408, *and cases cited.* We have been referred to *Case* v. *Barber, Sir T. Raym* 450, and *T. Jones,* 158, *S. C.* as an authority for the plea of an accord without satisfaction, but with tender. That case was pressed by counsel in *Allen* v. *Harris,* 1 *Ld. Raym.* 122, but the court answered, that the cases were so numerous that an *accord* ought to be *executed,* a different decision would " overthow all the books." The same case was also urged in *James* v. *David,* '5 *T. R.* 141, but disregarded. The point in the case seems never to have been regarded as authority.

The cases referred to in 22 *and* 23 *Com. Law R.* 90, 165, are altogether different from the one under consideration. They turned upon the effect of a composition agreement between the debtor and several creditors, and stand upon principles peculiar to that species of arrangement.

But in point of fact, no *definite agreement* between the parties was proved ; or, if otherwise, the *tender* did not come up to it. The proposition of De Grauw was acceded to with a qualification; but whether he ever assented to it or not, no where appears. His assent should have been affirmatively shewn before the arrangement could be regarded as complete. The evidence is positive that the old securities were not to be given up, and there is nothing to contradict it. Did De Grauw assent ? if he did not, the minds of the parties never met in the alleged arrangement. If he did, then the tender was *defective,* as he there insisted upon as the surrender of the old notes.

It appears to me, also, that another fatal objection exists to this defence, even if the tender at first could be regarded as sufficient. The deed, mortgage and note, after the bank refused acceptance, were destroyed. If the tender should still constitute a bar to the suit on the original demand, the debt, for aught that appears, is gone, for the remedy could only be upon the new securities, and they are cancelled. Even in the case of a tender and refusal of specific chattels which operate to discharge the debt, and extinguish the further relation of debtor and creditor, the property of the articles *is deemed to vest in the creditor, and the parties [ *345 ] afterwards stand in the relation of bailor and bailee. 8 *Johns. R.* 478. 4 *Wendell,* 525. 13 *id.* 96. If the tender in this case was valid at all, an interest, I apprehend, vested in the bank, which would enable it to enforce the securities in case De Grauw insisted upon an execution of the arrangement. Upon no other view can the effect claimed by the tender be upheld, consistent with the principles of justice. Now the destruction of the deed might not operate to re-invest the title in De Grauw ; yet I do not

perceive how it can be denied that the security by the bond and mortgage is utterly extinguished.

But waiving all this, it is sufficient to say that the tender here is not governed by the rules applicable to *specific chattels ;* it is like a tender of *money*, or things that may be brought into court.  In such a case the defendant must plead that he has always been and still is ready with the money or thing tendered, and it must be in court on the trial.  6 *Bacon*, 465.  *Bro. tout temps. prist, pl.* 3.  2 *Roll. Abr.* 524.  20 *Viner*, 312, *E. Chip. on Cont.* 59.  2 *Kent's Comm.* 508.

New trial granted ; costs to abide the event.