### TILTON vs. ALCOTT.

An agreement by way of accord executory, to be performed at a future day, with a tender of performance, is no bar to an action, unless performance is accepted.

THIS action was brought to recover the amount of two promissory notes, made by the defendant and payable to the order of the plaintiff and of one Wilmerding, but of which the plaintiff was the owner at the time of the suit. The defense was that the defendant made an agreement with Tilton and Wilmerding by which he was to turn out and convey to them certain real estate upon the appraisal of two men; Tilton and Wilmerding to give their bond and mortgage back for the balance of the appraisal over their debt; that the appraisal was accordingly made, but Tilton and Wilmerding refused to execute the agreement any further. Alcott was not the owner of the real estate at the time he made the agreement, nor at the time when Tilton and Wilmerding refused to perform, but became the owner about a year afterwards, by deed from the person who owned it at the time he made the agreement with Tilton and Wilmerding. The referee reported in favor of the plaintiff, for the amount of the notes, on which judgment was perfected, and the defendant appealed.

*S. Mathews*, for the appellant.

*J. L. Angle*, for the plaintiff.

*By the Court*, JOHNSON, J. It has been so often held in this state that an accord executory with tender of performance is no bar to an action, that the rule must be regarded as conclusively settled, and the question no longer open for discussion. (*Brooklyn Bank* v. *De Grauw*, 23 *Wend.* 343. *Daniels* v. *Hallenbeck*, 19 *Id.* 408. *Hawley* v. *Foote*, *Id.* 516. *Russell* v. *Lytle*, 6 *Id.* 390. *Anderson* v. *Highland Turnpike Co.*, 16 *John.* 86. *Watkinson* v. *Inglesby*, 5 *Id.* 386.) To constitute a defense in such a case there must be an acceptance.

Tilton *v.* Alcott.

The rule has been constantly applied where the question has arisen both upon pleadings and evidence. We may with propriety adopt the language of the court in *Allen* v. *Harris*, (2 *Ld. Raymond*, 122,) that "the books are so numerous that an accord ought to be executed that it is now impossible to overthrow all the books." In a very early case, (*Coit* v. *Houston*, 3 *John. Cas.* 243,) Thompson, justice, laid down the rule that the agreement by way of accord, in order to be effectual as a bar, "must be executed and satisfied with a recompense in fact, or with an action, or other remedy to execute it and recover compensation." But the decision in that case was placed by all the other judges upon the ground that the new agreement had been substantially performed, which fact had been settled by the verdict of the jury. And Thompson, justice, places his opinion in part upon the same ground.

It will be seen that the rule laid down by Comyn, (*Com. Dig. Accord*, B. 4,) and adopted by Chitty, (*Chit. on Con.* 761, 2,) which is the same substantially with that asserted by Thompson, justice, in *Coit* v. *Houston*, that "an accord with mutual promises to perform is good though the thing be not performed at the time of the action, for the party has a remedy to compel the performance" has never obtained in this state, but has been uniformly repudiated. The rule is the same now in England as here, as is clearly shown by the decision in the case of *Bailey* v. *Homan*, (3 *Bing. N. C.* 915.)

There is a class of cases in the English books, where the courts have regarded the new agreement not as an accord, but as a substituted agreement, and have held it to be a good defense though not performed at the time of suit. Such was the case of *Good* v. *Cheeseman*, (2 *B. & Adol.* 335,) which Tindal, C. J., in *Bailey* v. *Homan*, says was considered as standing on its own peculiar ground and not affecting the rule that an accord executory must be executed, to constitute a defense. They are principally cases of composition with creditors when all the creditors are bound by the arrangement. And it would seem that even in such cases the new agreement will not be held to have been substituted unless the creditor has an immediate .

remedy by action upon it. (*Bailey* v. *Homan, supra.*) This is clearly not the case of a substituted agreement by which the notes are canceled and the amount converted into purchase money, as contended for by the defendant's counsel. The new agreement as reported by the referee contemplated a *turning out* of the premises, at a future day, after an appraisal.

It may be inferred from the recital of the amount due upon the notes, in the contract, and the stipulation that the same amount should be paid down upon the premises being turned out or conveyed, and what afterwards took place between the parties, that it was designed to apply the notes upon the first payment. But they were not so applied at the time the agreement was entered into, nor was it in terms agreed that they should be. We are to regard the transaction therefore not as one of substitution but as an accord executory. And as an accord it was not good even within the rule laid down in Comyn; for it is there said that "the remedy ought to be such that the party might have taken it upon the mutual promise at the time of the agreement." Besides, no performance has been tendered according to the terms of the agreement. By the agreement the defendant was bound to convey the premises free from incumbrance. He was not then the owner, and it is shown that they were in fact encumbered by mortgage to secure the purchase money, by him, to the amount of $3100, at the time he procured his title. It is no answer to this objection to say that the plaintiff placed his objection upon another ground and might have enforced a specific performance in equity inasmuch as the balance which would have been due by the terms of the new agreement was greater than the amount of the incumbrance. It is clear that the defendant was not in a situation to enforce a specific performance, as he could not allege that he had offered to perform and was able to do so. The decision might safely be rested upon the ground that no tender of performance was shown. But I prefer to place it distinctly upon the ground, that an agreement by way of accord executory to be performed at a future day, with a complete tender of performance, is no bar to the action, unless performance is accepted.

The decision of the referee was correct, and the judgment of the special term must be affirmed.

[MONROE GENERAL TERM, December 5, 1853. *Welles, Johnson* and *T. R. Strong,* Justices.