By the Court—Robertson, J.
The Bank of Albany had the right, by virtue of the original note in this case, at any time to demand the principal of it, and interest to the time of demand, and, of course, until the payment of such principal, to demand interest. They might forbear to demand either for a reasonable time, or to call for the interest except at stated periods; but an agreement by them not to demand such interest except at such periods, might make the contract less, but could not render it more beneficial to them. So, also, the defendant had a right to pay the principal at any time; a mere supplemental agreement, therefore, that he should be allowed to do so, would neither prejudice the bank nor benefit him, beyond what the terms of such note did. An agreement by the defendant to abstain from paying off the principal before a certain .time, and in the meantime to pay interest at stated periods, as a *373 substitute for the obligation of the note, might be a good consideration for a corresponding substituted agreement by the bank, not to demand the principal before a fixed time, or the interest except at the end of such period, but no such agreement is pretended in this case.
The first agreement stated in the answer, and offered to be proved is, that the defendant agreed to pay the interest semi-annually, and the principal when he pleased; in consideration of which the bank surrendered the right to demand at their pleasure both principal and interest. This was entirely destitute of any consideration.
The second agreement set up in the answer is, that the first one was canceled and a new one substituted in its place, and in consideration thereof, and of a promise by the defendant to pay $500.00 on account of the principal of such note every three months, and interest on what remained due of it every six months, the Bank of Albany agreed to receive such sums, until the whole amount was paid, whereupon the first agreement was canceled. If this last agreement had been made in discharge of the note, it would, equally with the first one, have been without a consideration. As, however, it was merely an agreement to cancel another which was legally inoperative, both are wholly immaterial. *
The compound interest, on the payments of interest every six months was not a gain to the plaintiff’s assignors. It might have been if the plaintiff, by force and upon the face of the note, could only have recovered, and was only entitled to interest at the time of the trial; but as the bank was equally entitled to demand interest at the end of every six months, if the defendant chose to pay it, instead of paying up principal and interest, the plaintiff would reap the benefit of that legal consequence without any new agreement.
But as the supposed accord was entirely executory, the defendant must be left, in any event, to his remedy by action; any damages accruing to him by reason of nonperformance of the agreements in the answer, not being *374 set up by way of set-off or recoupment. (Billings v. Vanderbeck, 23 Barb., 546; Tilton v. Alcott, 16 Barb., 598; Day v. Roth, 18 N. Y. R., 448; Mitchell v. Hawley, 4 Den., 414; 3 Bing. (N. C.,) 915.) The payment of the first installment was not a performance of the whole agreement, so as to ..make it.an executed one; such performance could take place when the whole principal was paid.
There was no over payment of interest in this case. The bank or the plaintiff having only received that to which they were entitled. x
The judgment must be affirmed with costs.