BRANNER v. PIPER.

1. **Contract:** PAYMENT: PAROL EVIDENCE. The defendant in an action upon a promissory note may show, under a plea of payment, that, at the time of the execution of the note, he entered into a verbal agreement with plaintiff, whereby he sold to him his interest in certain land, and agreed to deliver to him certain title bonds held by him therefor in payment of the note, which he afterward did, in pursuance of such agreement. The objection that such a defense sets up a parol contemporaneous contract different from the note, is not sustainable.

2. **Accord and satisfaction:** TENDER. Whether an accord, with tender of satisfaction, not accepted, is equivalent to a satisfaction,— *quere.*

3. ——— But, in such case, the defendant might, by way of set-off or counter claim, plead and show the damages resulting to him from the plaintiff's failure to perform his part of the contract, by refusing to accept what he agreed to receive in satisfaction.

*Appeal from Lucas District Court.*

THURSDAY, JULY 23.

NOTE: PAYMENT: ACCORD: PLEADING, ETC. —Action on two promissory notes made by defendant to the plaintiff. Demurrer to answer sustained, and defendant appeals.

*Stuart Brothers* for the appellant.

*Wilkerson* and *Trimble* and *Perry & Townsend* for the appellee.

DILLON, Ch. J.—The answer, and the amendment thereto, which are to be taken together as constituting CONTRACT: one pleading (Rev. § 2983), in substance, state payment; parol evidence. that the notes in suit have been fully paid off and discharged in the following manner, to wit: At or about the date of the notes, it was agreed between the parties, that defendant should sell to the plaintiff 320 acres

of land in Lucas county, Iowa, for which defendant held school fund contracts, on which there was due the sum of $180 ; that plaintiff agreed to take these lands at nine dollars per acre, less the $180 due the school fund, and apply the sum, to wit, $2,880, less the $180, on the larger note in suit ; that the defendant afterward " did assign and deliver to the plaintiff the said school fund contracts, as he had agreed to do, in consideration whereof the plaintiff agreed to return the said first mentioned note sued on to the defendant, but he has failed and refused to do so, and fraudulently retains the same ; that defendant has fully performed his said agreement by assigning and delivering to the plaintiff the contracts for said lands, whereby the said lands became the property of the plaintiff, and said note was fully paid off and discharged."

To this answer plaintiff demurred, — first, because it " sets up a parol contemporaneous contract, different from the notes in suit ; second, because it is not averred that the plaintiff received said pretended deeds, certificates and contracts, in payment of the said note.

The court sustained the demurrer, and rendered judgment against the defendant for the amount of both notes in suit. In this decision there is manifest error.

The defendant may show that he sold land to the plaintiff in payment of the note, and that he has, pursuant to agreement, assigned and delivered to the plaintiff the stipulated contracts. If this was done, the agreement thus to pay became executed, and the rights of the parties fixed accordingly, and under such circumstances it makes no difference that the agreement of the defendant to pay, and the plaintiff to accept payment in this way, was made contemporaneously with the execution of the note.

With respect to the second ground of demurrer, it is only necessary to remark, that it is alleged said school fund contracts were " assigned *and delivered* to the plaint-

iff;" if so, this is equivalent to averring that the plaintiff received them, and the presumption is that they were received, under the alleged contract. For this error the judgment below must be reversed.

With respect to the second note in suit, it is stated in the answer, that the plaintiff agreed to accept in payment 2. ACCORD AND thereof a deed for 160 acres of land, and that SATISFACTION: tender. the defendant, within the time agreed on, and pursuant to the agreement, made and tendered a deed for the land to the plaintiff. But it is not alleged that the defendant accepted the said deed.

Whether an accord, with tender of satisfaction, not accepted, is equivalent to a satisfaction, is a point upon which the authorities are not agreed. 2 Greenl. Ev. § 31, and cases referred to; *Mayfield* v. *Cotton*, 21 Texas, 1; *Blackburn* v. *Ormsby*, 41 Pa. St. 97; *Clarke* v. *Hawkins*, 5 R. I. 219; *Goodrich* v. *Stanley*, 24 Conn. 613; *Billings* v. *Vanderbeck*, 23 Barb. 546; *Tilton* v. *Alcott*, 16 Barb. 598. Under our system of pleadings, facts are to be stated, and the cause of action or defense which the facts establish need not be named.

If the plaintiff made with defendant a valid contract to receive payment in lands, and a future time was fixed for the execution of the writings, which were tendered and refused, these facts may be stated by the defendant, and may be relied upon by him, if not as being equivalent to actual payment or satisfaction, which we do not decide, yet certainly by way of cross demand, set-off, or counter claim, according to circumstances, in which latter case the defendant's answer should set up the agreement, the defendant's performance or offer to perform on his part, the plaintiff's breach and the damages resulting in consequence. See Rev. § 2880, cl. 6; §§ 2884, 2886, 2889, 2891, and authorities above referred to.

The facts pleaded as a defense to the second note are

so vaguely stated that we advise an amended answer to be filed.

The judgment is reversed, and the cause remanded for further pleadings and proceedings, not inconsistent with this opinion.

Reversed.