By the Court.—Freedman, J.
The case has been re-tried in conformity with the decision of the court of appeals, reported in 96 N. Y. 414, and judgment given in favor of the plaintiff.
By this judgment it has .been determined that Mrs. Mulock, in whom .was vested the legal title to an undivided interest in certain real estate, held that title as trustee for the .plaintiff, to whom she was bound to convey it on demand, and upon payment by the plaintiff of the sums advanced by her for the discharge of liens thereon, and of the amount of a judgment confessed by him to her.
Among other things it was found that, in point of fact, the plaintiff, in December, 18-59, demanded a conveyance from Mrs. Mulock, which was refused, and that on October 23, 1860, he duly tendered to Mrs, Mulock the sum of $4,322.67, which covered all the claims of Mrs. Mulock, together with interest thereon up to said 23d of October 1860, and again demanded a conveyance of her which was again refused.
Upon these facts it was held, as matter of law, that by reason of the said tender, demand and refusal on October 23, 1860, the defendants are not, nor are any of them, entitled to interest on the said claims of Mrs. Mulock, beyond the date of said tender, and that at the time of the execution and delivery of the conveyance which was decreed to be made, the defendants Babe and Goodridge, as executors, &c., are entitled to receive from the plaintiff only the sum of $3,225.50, with interest on $2,005 from November 27, 1855, to October 23, I860, on $807.50 from December 22, 1855, to October 23, 1860, and on $413 from February 16, 1856, to October 23, 1860.
By their points, the appellants have expressly limited *485 the discussion to the question of their right to any interest since October 23, 1860.
Their contention is that the tender was insufficient to stop the running of interest from said date, because it was not followed up by a deposit of the money into court.
The common law rule of tender and bringing money into court, is stated in Bacon's Abridgment, title “Tender,” as follows, viz : “ It is in the general true, that if a debt or duty be not discharged by a tender and refusal, the tender must be pleaded with a proferí in curia; for as the debt or duty continues, it is not enough for the party who pleads the transfer, to plead a tender and refusal with uncore prist1, or with uncore prist together with -tout temps prist, as the case may require ; but he must also bring the money, or other thing which has been tendered, into court, that the other party may, if he please, accept thereof.”
• The rule originated in cases in which the defendant could not, and did not, deny the debt or duty on his part, but in which he nevertheless sought to defeat the action by a plea cf tender before suit brought. It was held that, to be effectual for that purpose, the plea of tender had to be accompanied by a payment of the money into court, and a notice expressing the fact. The money then belonged to the plaintiff, and had to be paid to him, though he failed in the action, as he was bound to fail, if the tender was properly made, and of the correct amount. But unless the money was paid into court, the plaintiff was at liberty to treat the plea of tender as a nullity, and to sign judgment as for want of a plea.
That in all such cases, the tender must be kept good by the payment of the money into court, is also the law of this state (Simpson v. French, 25 How. Pr. 464; Brooklyn Bank v. De Grauw, 23 Wend. 341 ; Brown v. Ferguson, 2 Den. 196 ; Hills v. Place, 48 N. Y. 520 ; Becker v. Boon, 61 Ib. 317).
The statutes passed from time to time, and the exist *486 ing provisions of the Code of Civil Procedure, authorizing a tender and payment of the money into court by the defendant after suit brought, in order to affect the question of costs, and to stop the running of interest, are mere extensions of the rule.
Courts of equity, in matters not controlled by express statutory provisions, apply the rule according to the equities of each case, and irrespective of the question whether the party against whom it is to be enforced, is a plaintiff or a defendant in the case.
Thus, in Roosevelt v. Bull’s Head Bank (45 Barb. 579), which was an action to foreclose a mortgage, the question was whether the plaintiff was entitled to recover the principal and all the interest, or interest only to the time oí the tender. As it appeared that the notes- tendered and refused, were immediately afterwards mixed by the hank with its other funds and used in its banking business, and yielded a profit, the plaintiff was held entitled to a judgment for the principal debt and all the interest.
On the other hand, it was held in Jenkins v. Hinman (5 Paige, 309), that upon a bill to redeem, where the complainant is in possession of the premises, which are an ample security for the amount admitted by him to be due, and the defendant insists that he is the absolute owner of the premises and that the complainant is not entitled to redeem, the court will not order the amount admitted to be due to be paid into court, nor appoint a receiver of the rents and profits of the premises pending the litigation, if' the insolvency of the complainant is fully denied.
Many other cases might be referred to for the purpose of showing how exclusively the action of courts of equity is determined by the equities of each particular case in all matters not regulated by statute. But the two illustrations which were given, are sufficient for the present!
There are, no doubt, many cases, both at law and in equity, depending upon a tender, in which the money must be brought into court and the tender kept good. *487 Every such case, however, implies an unconditional indebtedness by the party making the tender.
But in a case in which the acts of both parties should have concurred in the performance of the contract, and taken place simultaneously, it is enough for the plaintiff to show that he was ready, able and willing, and offered to perform his part, and that the defendant refused the other part. Having put the defendant in default, the plaintiff in such a case, if it be a case for specific performance, can go into equity with clean hands and demand-specific performance without being obliged to keep the amount in court. And for similar reasons it has been held, in Stevenson v. Maxwell (2 N. Y. 408), that where, under a contract for the sale of lands, the purchase money is to be paid or secured, and the conveyance executed on a particular day, .and neither party performs or offers to perform on the day, neither can maintain an action at law upon the contract, but that either may claim specific performance in equity, making in the bill the offer incumbent upon him. A tender may even become wholly unnecessary in consequence of a previous notice by the other party of refusal to perform (Crary v. Smith, 2 N. Y. 60).
At all events, a tender of performance may be accompanied with such conditions as were, by the terms of the contract between the parties, conditions precedent to be performed by the party to whom the tender is made. This doctrine was expressly laid down in Wheelock v. Tanner (39 N. Y. 481). The action was to foreclose a mortgage payable in money, with interest. The bond was capable of being paid in lumber wagons, at a stipulated price, to be delivered at such places as the mortgagee should designate. The wagons were ready for delivery at the time and place stipulated, and were not actually delivered because the mortgagee was not then ready to receive them, but requested that they should be kept until he was ready. Upon these facts, it was held that a further tender of the wagons was unnecessary, and that from and *488 after the time when the wagons were ready to be delivered according to the terms of the contract, no further interest could be charged on the debt to be thus paid. And it also appearing that it was a condition of the bond and mortgage in suit, that the mortgagee was to pay off another mortgage held by one Tuttle, and that, if he did not, the defendants might suspend the payment of their bond and mortgage until the Tuttle mortgage was paid, it was further held that the tender of the wagons which was made by the defendants, was not bad because accom-panied by the condition that the Tuttle mortgage should be discharged.
The case at bar is an equitable action. The plaintiff was not bound to pay except upon receipt of a conveyance. Mrs. Mulock refused to make and give it. She therefore committed a breach of the contract. Moreover, she was in the possession of plaintiffs’ property by virtue of and under a deed to her which was absolute upon its face, and she thereafter continued in possession and enjoyed the fruits of ownership as if she were the absolute owner. Under these circumstances, it would be highly inequitable to award- to the defendants, as her representatives, interest on the amount tendered by the plaintiff, and refused by her, without making them account for the benefits derived by Mrs. Mulock from such ownership. Presumably, such benefits would exceed the interest withheld.
Tuthill v. Morris (81 N. Y. 94), does not help the defendants. It was an action to restrain the defendant from selling certain premises in statutory proceedings to foreclose two mortgages thereon, and to have the same adjudged to be extinguished, and to require the defendant to cancel them of record, on the ground that the amount of the mortgages had been tendered and refused. It was, therefore, the case of a mortgagor in possession, and receiving the income of the property, and at the same time enjoying the use of the money for the payment of which, the bond and mortgage had been given. The sufficiency of the tender made was doubted, and it was *489 held that, even if a sufficient tender had been made, which, according to strictly legal principles, discharged the hen and constituted a good defense against its enforcement, equity would nevertheless withhold the affirmative relief sought by the plaintiff, viz.: the extinguishment of the mortgage upon the record. In this connection, it was said that the most that could be equitably claimed, would be to relieve the plaintiff from the payment of interest1 and costs subsequently accruing, and to entitle him to this relief, he should have kept his tender good from the time it was made.
Other cases cited by the learned counsel for the defendants may, for similar reasons, be distinguished from the case at bar. They have not been overlooked, but they are not mentioned, because a detailed examination of them is deemed unnecessary.
Upon the whole case, it sufficiently appears that the disallowance of interest after October 23, 1860, was right and proper. An additional reason why the disallowance should be sustained, is that, even if Mrs.' Mulock could have insisted upon payment into court of the money tendered, she waived her right by taking issue upon the tender. The complaint alleged full tender. In her answer, she denied that such a tender was ever made. This constituted a waiver under the authorities (Platner v. Lehman, 26 Hun, 314 ; Sheriden v. Smith, 2 Hill, 538).
The judgment should be affirmed, with costs.
Sedgwick, Oh. J., concurred.