Curia.

The defendant has not alleged, in his plea in bar, that he paid the amount of the judgment recovered against him in satis-' faction of the bond; but that he paid it by compulsion [*421] upon the execution. This, the plaintiff says, * was no performance of the condition, and insists that payment should have been made before action brought, that the condition might be saved at law. And there would be great force in this *417 point, if any thing remained due. The plaintiff says, indeed, that he is entitled, in equity, to recover in' this action interest on the judgment, from its rendition to its discharge. But the first inquiry is, whether, in this state of the pleadings, we can go into equitable considerations.
By the statute of 4 and 5 Anne, c. 16, if the obligor has paid before the action brought, though not at the day, he may plead it. This statute has always been practised upon here. If payment of the judgment in this case was a performance of the condition of the bond, then no cause of action remains upon the bond. There was no stipulation for the payment of interest in the case that hap pened, nor with regard to the time of payment. The judgment having been satisfied, nothing remains due on the bond, and the defendant’s plea is adjudged good.

Costs for the defendant

ADDITIONAL NOTE.
[In case of a bond to convey, release, or do any other act, at a certain day or on demand, unless performance at this particular time is of the essence of the contract; the penalty will be saved by performance after the day or on a second demand, accepted by the obligee as and for a performance of tiie condition. — Hogins vs. Ar notd, 15 Pick. 259.
A bond being in suit, and the writ in the hands of the officer, but not served, the obligor went to the obligee’s attorney to make payment. The attorney cast the sum due, and endorsed a receipt upon the bond, which was delivered to or taken up by the obligor, who at the same time handed the money to the attorney. While counting it, the attorney discovered and remarked that the costs had been accidentally omitted, but the obligor refused to pay them, and went away with the bond, the attorney refusing to receive the money. Held, no discharge of the bond. — Steward vs. Riggs, 9 Greenl. 51.
An execution debtor being within the prison limits under a statute bond, his friends entered into a collateral agreement to pay the debt 5 the creditor thereupon giving him an unsealed receipt, in full satisfaction of the judgment and execution. Held, the bond was discharged, though the creditor had been unable to derive any benefit from the agreement. — Ellingwood vs. Dickey, 9 Greenl. 125.
An official bond remains good for losses and defalcations to the amount of the penalty, though moneys to that amount have been faithfully accounted for. — Potter vs. Titcomb, 7 Greenl. 302.
Satisfaction of a bond is presumed after twenty years. — Bartlett vs Bartlett, 9 N. H. 398.
If the oblige»' is an infant" when the cause of action accrues, payment will be presumed in five years from his coming of age, if this makes up twenty years from the accruing of the cause of action. — Ibid.
After discharge of a bond by the principal, the obligee cannot set it up again, under a subsequent agreement with the principal, against the surety.— Woodman vs Mooring, 3 Dev. 237.
See Flower vs. Marten, 2 Myl. Cr. 459.—Field vs. Robins, 3 Nev. P. 226. Cass vs. Adams, 3 Ham. 223. — Hudson vs. Tenney, 6 N. H. 456. — F. H.]