## ASA B. HOGINS *versus* JOSEPH ARNOLD.

The plaintiff conveyed certain real estate to the defendant, and on the same day the defendant executed a bond, which, after alleging that the consideration of the plaintiff's deed was the indemnification of the defendant against the payment of a promissory note indorsed by him, was conditioned, that if the plaintiff should pay the note on or before a certain day, the defendant, his heirs or assigns, should, upon being requested, execute a deed of quitclaim to the plaintiff, his heirs or assigns, of all his right in the premises under the deed from the plaintiff. *It seems*, that the deed from the plaintiff to the defendant and the bond, together, constituted a mortgage ; and if so, the plaintiff, by conveying all his right in the land to a stranger, although after he had paid the note and demanded a deed of quitclaim of the defendant, parted with all his interest in the bond, and could maintain no action upon it, for the bond, being in the nature of a condition and defeasance to the deed, passed with the estate.

Where there is a bond conditioned to convey an estate, to make a release, or perform any other act, at a particular day or on demand, and it appears that performance at the particular time is not of the essence of the contract, a conveyance or release, or a performance of such other act, after the day, or on a second demand, accepted by the obligee as and for a performance of the condition of the bond, saves the forfeiture of the penalty.

Thus, in an action by the obligee on a bond conditioned, that if the obligee should pay a certain note on or before its maturity, the obligor, his heirs, executors, administrators or assigns, should, upon request, execute a deed of quitclaim to the obligee, of all interest in certain real estate conveyed to the obligor by the obligee, it appeared, that the obligor had conveyed all his interest in the real estate to a stranger, who subsequently released to the obligee ; and that the deed of release was accepted by the obligee ; and it was *held*, that this was equivalent to a performance of the condition of the bond, notwithstanding that the obligee had previously, upon paying the note, demanded of the obligor a deed of release, and he had refused to execute such deed.

DEBT upon a bond. The condition of the bond recited, that the plaintiff, on January 22, 1827, by a deed of quitclaim, granted and released to the defendant all his interest in certain real estate in Boston ; and that the consideration of the deed was the indemnification of the defendant against the payment of a promissory note of the same date, made by the plaintiff for the sum of $ 1000, payable to the defendant or his order in one year from May 15, 1827, and indorsed by

the defendant to William Savage. The condition then pro-
vided, that if the plaintiff, his heirs, executors, administrators,
or assigns, should pay the note on or before May 15, 1828,
and save the defendant harmless from all loss by reason of
his indorsement of such note, and if the defendant, his heirs,
executors, administrators, or assigns, should, when thereto
reasonably requested, thereafterwards refuse to execute a
deed of quitclaim and release to the plaintiff, his heirs or
assigns, of all right and title in the premises, under the deed
from the plaintiff, then the bond should be valid against the
defendant, his heirs, executors and administrators, but other-
wise should be void. The bond was dated January 22, 1827,
and was recorded in the registry of deeds on May 3, 1827.

The defendant pleaded, *first*, that the bond and deed
together constituted a mortgage by the plaintiff to the
defendant ; that on May 4, 1827, after the making thereof,
and before the commencement of this action, the plaintiff
conveyed all the right which he had to redeem the prem-
ises, to Josiah L. C. Amee ; and that the plaintiff has never
since had any right or interest in the same. The plaintiff
replied, that on May 3, 1827, he paid the note to Savage,
and saved the defendant harmless, and, on the same day,
gave notice of such payment to the defendant, and demand-
ed of him to execute a deed of quitclaim and release of all
his interest in the premises ; and that the defendant there-
upon refused to execute such deed. The defendant re-
joined, that on May 3, 1827, before the plaintiff gave him
notice of the payment of the note and demanded of him to
execute a release, the defendant assigned all his right and
interest in the premises to Starbuck, and that at the time of
the notice and demand, he had no right, title or interest in
the premises. To this rejoinder there was a general de-
murrer.

The defendant pleaded, *secondly,* that on May 3, 1827, he
conveyed all his interest in the land to Charles C. Starbuck ;
and that Starbuck, on July 5, 1831, before the commence-
ment of this action, by his deed of quitclaim and release,
which was received by the plaintiff and recorded, released
to the plaintiff, his heirs and assigns, all his interest in the

premises, in compliance with the condition of the bond. The plaintiff replied, after oyer of the defendant's deed to Starbuck, that, on May 3, 1827, he (the plaintiff) paid the note to Savage, and gave notice thereof to the defendant, and saved him harmless, and demanded of him to execute a deed of release of his interest in the premises before the defendant had assigned the same to Starbuck; and that from May 3, 1827, until July 5, 1831, neither the defendant nor Starbuck, though often requested, had executed any release of the interest of the defendant in the premises, but had put the plaintiff to great trouble and expense by reason of their refusal so to do. The defendant rejoined, that the plaintiff did not pay the note and demand of him a deed of release, before the defendant had assigned his interest to Starbuck; and tendered an issue which was joined.

The jury found, that the plaintiff did pay the note and demand of the defendant a deed of release, before the assignment to Starbuck.

The defendant moved in arrest of judgment.

*Leland*, for the defendant, to the point, that the deed from the plaintiff to the defendant, and the bond, together, constituted a mortgage, cited *Scott* v. *M'Farland*, 13 Mass. R. 310; *Foster* v. *Woods*, 16 Mass. R. 116; to the point, that the plaintiff having parted with his interest in the premises, the action should have been brought in the name of the assignee, *Gould* v. *Newman*, 6 Mass. R. 239; *Wolcott* v. *Knight*, 6 Mass. R. 418; and to the point, that the deed of release from Starbuck having been accepted by the plaintiff, this was a good performance of the condition of the bond, and saved the forfeiture of the penalty, *Bond* v. *Cutler*, 10 Mass. R. 419; *Gage* v. *Gannett*, 11 Mass. R. 217.

*S D. Parker*, for the plaintiff, contended that as by the condition of the bond there seemed to be a *right of election* on the part of the defendant, to pay the penalty or to reconvey, this circumstance distinguished this bond from a bond of defeasance; and that the defendant, by conveying to a stranger, had made his election not to reconvey to the plaintiff.

*Hogins*
*v.*
*Arnold*

*March 27th*

Hogins
*v.*
Arnold.

March 31*st.*

SHAW C. J. delivered the opinion of the Court. The Court are strongly inclined to the opinion, that, as the bond and deed were executed together as parts of one transaction, the bond constituted a defeasance to the deed, and the remaining interest of the plaintiff was that of a mortgager; and it seems to have been so considered by the plaintiff, by recording it. If the interest of the plaintiff by force of this bond, was that of a mortgager, it was that of a mortgager before condition broken, and as the condition never was broken, the estate was defeated at law, and no release or reconveyance was necessary to revest the estate in the mortgager. Saving the condition made the deed void *ab initio*. Another consequence of this view is, that if Hogins conveyed away his estate, though after demand on the defendant, he had no longer any interest in the bond, because, being in the nature of a condition and defeasance to the deed, it passed with the estate. If so, the replication afforded no good answer to the plea, and the plea is a good bar. The rejoinder is probably a departure and so bad; but if so, it operates as a general demurrer to the replication, and that being bad, the plea stands as a good bar, and the defendant is entitled to judgment.

But we have not thought it necessary to decide this question, because we are all of opinion, that the other plea is a good bar to the plaintiff's action. There are some peculiarities in the phraseology of this bond, the condition of which is, that if after paying the note and indemnifying &c. and after demand &c. Arnold, his executors &c., shall refuse to execute a quitclaim, the bond shall be valid and good, otherwise void. We take the legal effect of the condition to be, that of a bond in common form, conditioned, that if the obligor, or his heirs or assigns, that is, the person holding the legal title, shall convey in the manner stated, the bond shall be void. A deed therefore, by an assignee holding the fee, or other estate to be conveyed, and competent to convey by deed, so that his deed would vest the estate in the obligee, would be a good performance of the condition.

Now we think that the principle relied upon by the defendant is correct, and supported by the authorities, and may be

thus stated : That where there is a bond, conditioned to convey an estate, to make a release, or perform any other act, at a particular day or on demand, and where it appears that performance on the particular day is not of the essence of the contract, a conveyance or release after the day, or on a second demand, accepted by the obligee as and for such performance, is in point of law a good performance, and saves the forfeiture of the obligation. *Bond* v. *Cutler*, 10 Mass. R. 419 ; *Gage* v. *Gannett*, 11 Mass. R. 217.

The acceptance by the obligee renders such subsequent performance equivalent to a literal and strict performance, and after such acceptance, the forfeiture is saved, and the obligee cannot claim the penalty.

Here, by the terms of the condition, the conveyance by Starbuck, he being the assignee and holding the fee, and being of competent ability to convey by deed, had the same effect, as that of the defendant himself would have had, if he had not assigned. Had the defendant himself so executed his deed on July 5, 1831, and the plaintiff had accepted it, we think he could not have relied upon an earlier demand and refusal, as a breach of the bond ; and therefore under the circumstances, the deed of Starbuck and the acceptance of it by the plaintiff, must be deemed to have the same effect. The defendant, in his second plea, sets forth such an assignment by himself to Starbuck, a release and conveyance by Starbuck to the plaintiff, and his acceptance of it. The replication setting forth an earlier demand and refusal, does not avoid the plea, because it admits the subsequent conveyance, and that the plaintiff accepted it, as a performance. The rejoinder therefore tendered an immaterial issue, and though this was found for the plaintiff, it does not aid him.

*Judgment for the defendant.*