### CORNING & HORNER vs. COOPER.

Where, upon the reference of exceptions to an answer for insufficiency, it was agreed by the counsel for the respective parties, in the presence of the master, that the rule as to the time for procuring the master's report on the exceptions should be suspended; in consequence of which agreement the master did not make a certificate enlarging the time for filing his report; *Held*, that a report of the master, allowing the exceptions, was regular, although made after the expiration of the twenty days specified in the rule for that purpose.

The 121st rule of the court of chancery, requiring all private agreements relative to the proceedings in a cause to be in writing, does not apply to agreements made by the parties, or their solicitors or counsel, in the presence of the court; or to an agreement relative to the proceedings on a reference, made in the presence of a master, and certified by the master to have been thus made.

The report of a master, allowing exceptions to an answer for insufficiency, is not irregular, as against the defendant, because the master has neglected to fix the time within which the defendant shall answer the exceptions; as the only effect of such a neglect of the master, is to compel the complainant to make a special application to the court, to obtain a further answer, if the defendant does not answer voluntarily.

THIS cause had been set down and noticed for hearing, by the defendant, upon bill and answer; and this was an application on the part of the complainants to strike it from the calendar for irregularity, on the ground that the answer had not been perfected. Exceptions were taken to the answer, and some of them were allowed by the master; but the defendant's counsel insisted that the exceptions had been

June 3.

1839.

Corning
v.
Cooper.

waived, by the neglect of the complainants to procure the master's report within the time prescribed by the 54th rule of this court. He also insisted that the report was irregular, inasmuch as the master had not fixed the time within which the defendant was to put in his answer to the exceptions. On the part of the complainants the master's certificate was produced, showing that upon the return of the summons an adjournment of the hearing of the exceptions was asked for and granted; that it was then agreed in the presence of the master, by the counsel of the parties, that the rule as to the time for procuring the master's report upon the exceptions should be suspended; and in consequence of such agreement that he did not make a certificate for enlarging the time for filing the report, as required by the rule.

*M. T. Reynolds*, for the complainants.

*Azor Taber*, for the defendants.

The CHANCELLOR. The agreement in the master's office, to suspend the rule, in other words to waive the objection that the master's report was not made and filed within the twenty days after the entering of the order to refer the exceptions, made the subsequent filing of the report regular. The objection that such agreement was not in writing, and signed by the parties or their counsel, is not well taken. The provisions of the 121st rule do not apply to an agreement, between the solicitors or counsel of the parties, made in the presence of the court; or to an agreement, relative to the proceedings on a reference, made in the presence of the master, and which agreement is certified by him. The master through inadvertence neglected to fix the time for putting in the further answer; but that was an error which did not injure the defendant, as he had the right to put in his further answer immediately if he thought proper. The only effect of it was to compel the complainant to make a special application to the court to obtain a further answer. The cause must therefore be stricken from the calendar,

and the defendant must answer the exceptions in thirty days, after notice of the order to be entered on this decision. Upon the other facts appearing in the affidavits, however, I think this is not a case for charging the defendant with the costs of this application.