Ballou agt. Parsons.

# SUPREME COURT.

BALLOU *et al.* agt. PARSONS *et al.*

*Reference — when and how terminated where an oral agreement has been made, extending indefinitely the time within which report may be made and delivered — duty of clerk upon taxation of costs in action tried by referee.*

In the absence of any stipulation or agreement of the parties to extend the time within which the decision of a referee should be made and delivered, section 273 of the Code must govern. In such case, a notice from the party of an election to end the reference after the statutory time has expired, forecloses all further right to proceed, on the part of the referee.

But where an oral agreement is made in open court, upon final submission, extending indefinitely the time within which the report may be made and delivered, the reference cannot be terminated in the manner provided by section 273 of the Code. The fairer and better rule of practice would *seem* to be, to require, in such a case, a notice to the party and referee, one or both, that unless the report is made and delivered within a reasonable time, to be specified, the reference will be deemed ended.

*Gregory* agt. *Cryden* (10 *Abb.*, 289) *distinguished.*

Upon taxation of costs, in an action tried by a referee, the clerk has no right to question the regularity of the referee's report. His decision, awarding judgment, stands before the clerk as the mandate of the court, and, until vacated and set aside on proper application to the court, its direction must be obeyed.

THIS case was first heard at special term, before Mr. justice BOCKES, on the motion alluded to in the opinion. The following opinion was delivered at special term. On appeal to the general term, third department, the order was affirmed on the opinion at special term. An appeal was then taken to the court of appeals, when the order appealed from was also affirmed, as reported, " on opinion of BOCKES, J., below "

Ballou agt. Parsons.

(55 *N. Y.*, 673). The following is the opinion of Mr. justice Bookes in full.

*A. D. Wait*, for plaintiffs.

*N. G. Paris*, for defendants.

Bookes, *J.* — Two motions heard together, one by the plaintiffs, to compel the clerk to adjust their costs and enter judgment, the other by the defendants, to set aside the report.

The disposition of the motion to set aside the decision of the referee will, of course, determine the other; but it may be remarked, here, that the refusal of the clerk to adjust the plaintiffs' costs and to enter judgment according to the decision was wrong. The referee's decision, awarding judgment, stood before the clerk as the mandate of the court. The clerk had nothing to do with the question whether it had been regularly obtained. That question was for the court, on proper application. Until vacated and set aside, its direction for judgment should be obeyed.

The important question, however, is now as to the regularity of the referee's decision, whether it was made and delivered in due time.

The case was a long time on trial before the referee, and was finally submitted to him for decision on the 9th of April, 1869. He held it under advisement until November 19th, 1872, when he made and delivered his decision, awarding judgment to the plaintiffs for $6,113.80, the amount claimed in the complaint, with costs. In the mean time, and on the 28th October, 1872, the defendants' attorneys served the plaintiff's attorney with a notice of their election to terminate the reference.

Now in the absence of any stipulation or agreement of the parties to extend the time within which the decision should be made and delivered, of course the report was out of time, and irregular (*Code, sec.* 273). In that case, the notice from

Ballou agt. Parsons.

the party of an election to end the reference foreclosed all further right to proceed, on the part of the referee (10 *Abb.* [*N. S.*] 289).

But while it is conceded that there was no stipulation or agreement of the parties in writing to extend the time, it is claimed and urged that there was an oral agreement before the referee in open court, made at the time of the final submission to him, extending the time within which the report might be made and delivered, indefinitely. And it is further insisted that when such an indefinite extension is given, a party cannot terminate the reference and bar a right to a decision by the referee, by serving notice of an election to end the reference; that in such a case a reasonable notice to the referee and opposite parties should be given that a report is demanded; or an order should be obtained from the court, requiring a report within a specified time.

The first question here is one of fact; whether the time was extended indefinitely, as is claimed.

After a very careful examination of the papers submitted on the motion, I am of the opinion that it must be found that the parties had that understanding, amounting to an agreement to that effect. Such, I think, is the weight of evidence, on the papers submitted, and I am bound, I think, so to hold. This understanding and agreement was made and entered into in the presence of the referee, at the time of the submission of the case to him for decision, and he was a party to it. Indeed it was made for the benefit and convenience of the referee, as well as in the interest of the parties themselves, who desired a full and careful consideration of the case; entered into in the presence of the referee, at the time of the submission. The agreement must be deemed to have been made in open court. A stipulation or agreement thus made, relating to the conduct of the suit, is binding on the parties (25 *How. Pr.*, 1; 41 *Barb.*, 648; 7 *Paige*, 587). To hold it binding seems to me but fair and just to the parties and to the referee. If these conclusions be sound, the case is the

Ballou agt. Parsons.

same as if the parties had agreed and stipulated in writing for an indefinite extension of time for the referee to make and deliver his report.

The next question is, how such indefinite extension of time may be terminated. Undoubtedly either party may terminate it by some fair proceeding. The question is, how it may be done. Can it be terminated abruptly and instanter, by the service of a notice on the opposite attorney, of an election to end the reference? Is this quite right to the party and to the referee, who may have delayed his report relying on the agreement of extension? Should not a little time be allowed before foreclosing further action? The fairer and better rule would be, as it seems to me, to require, in such cases, a notice to the party and referee, one or both, that unless the report is made and delivered within a reasonable time, to be specified, say ten or twenty days, the reference will be deemed ended. This would render definite what was before left, by stipulation, indefinite. This rule is in conformity also with that applied to all agreements where performance is left indefinite, and it is just in its application. Such, too, is the spirit of the decision in *Thiesselin* agt. *Rossett* (3 *Abb.* [*N. S.*], 54). It was there held, in substance, that relief should be obtained against delay by application to the court for an order of limitation. But I see no necessity for such application, where the party and referee have been duly notified of an intention to terminate the reference, fixing in the notice a reasonable time within which the report may be made and delivered. This would be a fair way to terminate the stipulation for an indefinite extension.

Under such a rule of practice either party could end the reference without unreasonable delay. Either could serve a notice on the opposite party and referee, at any time, limiting the period within which the report should be delivered. Had this fair rule of practice been applied to this case the great delay which has existed could have been prevented by a reasonable notice from either party. If so inclined, either

Ballou agt. Parsons.

party could have obtained a report or terminated the reference, in twenty days following the time given the referee by section 273.

Again, I think the referee has rights, after an extension like that given in this case, which should not be ignored. Where there is no extension of the time, he is bound to make and deliver his report within sixty days after submission, or the consequences follow specified in section 273. But he should not be held to the penalty of a forfeiture and loss of fees fairly earned, perhaps to a large amount, for a delay to which the parties gave consent.

The case of *Gregory* agt. *Cryder* (10 *Abb.*, 289), was one wherein there was no extension of time, nor waiver of strict compliance with the provisions of section 273. That case differs, on the facts, from this under examination.

After considerable reflection, I am brought to the conclusion that the notice served on the plaintiffs' attorney did not have the effect to terminate the reference, and that the report thereafter made and delivered by the referee is not irregular.

The motion to vacate and set aside the report or decision of the referee must be denied, and the plaintiffs are entitled to have judgment entered thereon, with costs. The clerk will now, of course, adjust the plaintiffs' costs, and insert them in the entry of judgment. Costs of but one motion are allowed.