## BENJAMIN F. STEPHENS *vs.* MANLEY HOWE & another.

Suffolk. March 12, 13. — July 9, 1879. MORTON & ENDICOTT, JJ., absent.

In an action on a judgment, evidence that, before the judgment was rendered, the claim on which the judgment was founded was in part satisfied, is incompetent, while the judgment remains unreversed.

In an action on a judgment against two jointly, evidence that, before the judgment was rendered, the plaintiff, on payment by one of the defendants of part of the claim on which the judgment was founded, made an agreement with that defendant by which he released the latter from payment of any part of the judgment, and stipulated that the other defendant should be liable for one half only of the judgment, is incompetent in defence of the action.

LORD, J. This is an action against Manley Howe and Henry R. Stevens, brought upon a judgment recovered in the Circuit Court of the United States for the Second Circuit against the defendants, who were formerly partners. Howe alone defends. No question is made as to the jurisdiction of the court, in which the judgment was recovered, over the parties to the suit and of the subject-matter of it. The parties defendant appeared and defended. So far as we understand the offer of evidence, the rejection of which is complained of, it was an offer to prove that, before judgment, the claim in suit had been wholly or in part paid by Stevens. Of course, such evidence is incompetent while the judgment remains unreversed. The other objection, as we understand it, is that the true owner of the judgment has, by a collateral agreement with Stevens, stipulated with him that he will not claim against him any portion of the amount of this judgment, and that he will enforce against Howe the judgment sued upon to the extent of only one half of it. There is no claim that the co-defendant was released, and no agreement short of that would be a bar to recovery. If Howe can avail himself of that agreement, it can be only when the plaintiff seeks to enforce against him more than one half the amount of it. No evidence was offered tending to prove that the prosecution of the suit in the Circuit Court was " champertous, barratrous, and illegal," and the presiding judge properly ruled that there was no evidence competent to be submitted to the jury to impeach the validity of the judgment upon which the suit is brought.

*Exceptions overruled.*

*B. Dean & H. E. Bolles*, for Howe.
*E. Avery & G. M. Hobbs*, for the plaintiff.