JAMES SAVAGE *vs.* JOHN H. BLANCHARD.

Suffolk.    November 15, 1888. — January 4, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ

*Oral Agreement between Attorneys — Indorser for Costs — Accord and Satisfaction — Equitable Defence — Evidence.*

The Pub. Sts. c. 167, § 63, providing that "all agreements of attorneys touching a suit or proceeding shall be in writing," do not apply to an oral agreement between attorneys made in open court and acted upon by the court.

An oral agreement was made in open court between counsel in an action, that if the plaintiff's attorney, who had indorsed the writ, would allow an indorser for costs to be ordered, he should be relieved when the order was passed. The order was subsequently made with a nonsuit as an alternative, but the attorney was not released of record nor his name stricken from the writ; and a nonsuit was afterwards granted. *Held,* in an action by the original defendant against such attorney to recover costs, that the plaintiff could not rely on the nonsuit and repudiate the agreement; and that the agreement formed a good defence to the action, either by way of accord and satisfaction provable by parol, or as an equitable defence.

CONTRACT to recover costs. Trial in the Superior Court, before *Sherman,* J., who ordered a verdict for the defendant; and

the plaintiff alleged exceptions. The material facts appear in the opinion.

*D. G. Haskins, Jr.*, for the plaintiff.

*F. S. Hesseltine*, for the defendant.

HOLMES, J.   This is an action against an alleged indorser for costs recovered by the present plaintiff in three actions in which the now plaintiff was defendant. The present defendant was counsel for the plaintiffs in these actions, and his name was on the writs. It was proved by parol in the present case, subject to the question of the admissibility of the evidence, that in the former actions a motion was made for an indorser, and that it was agreed in open court between the counsel representing the present plaintiff and the present defendant, that if the present defendant would allow an indorser to be ordered, he should be relieved when the order was passed. The docket entries are as follows : " 23d of October, '85, indorser ordered by the 27th, or nonsuit ; 28th, nonsuited."

The court was asked to rule, first, that the agreement was invalid because not in writing, under Pub. Sts. c. 167, § 63. It is a sufficient answer to this proposition, that the statute plainly is not intended to apply to an agreement like the present, made in open court and acted on by the court. Rulings were also asked, in the second and third requests for instructions, that the counsel for the present plaintiff had no authority to make the agreement, especially as he was not the attorney of record. We see no reason to doubt the authority of the counsel representing the plaintiff in court with regard to this very matter to make such an agreement. *Wieland* v. *White*, 109 Mass. 392. *Moulton* v. *Bowker*, 115 Mass. 36. But, however this may be, the present plaintiff comes into court relying on a judgment obtained in consequence of the order of the court which was procured by the agreement in question, and he cannot repudiate the agreement while he takes the benefit of its consequences.

The main question is raised by the fourth request for instructions : that the agreement would not release the defendant unless he was actually released of record and his name stricken from the writs. The objection to the evidence of the agreement raises the same question.

The defendant's indorsement of the writs established conclu-

sively that at that time he assumed the statutory liability. *Gilbert* v. *Nantucket Bank*, 5 Mass. 97. *M' Gee* v. *Barber*, 14 Pick. 212, 216. *Wheeler* v. *Lynde*, 1 Allen, 402. Pub. Sts. c. 161, § 24. The judgment established conclusively the amount of the costs against whoever was indorser when it was rendered. *Sherburne* v. *Shepard*, 142 Mass. 141. But the judgment was not a judgment against the indorser. It did not establish that any particular person was then liable as indorser. The liability on the indorsement was not merged in the judgment. Therefore it was open to the indorser to prove any legal discharge of his liability, whether occurring before or after the judgment. The case is not within the principle of the decisions, that, on *scire facias* against a party to a judgment, he cannot set up facts which might have been used in defence to the first suit. *Richardson* v. *Wolcott*, 10 Allen, 439, 440. *Stephens* v. *Howe*, 127 Mass. 164.

If, as results from the finding, the defendant's assent in open court was to operate by way of accord and satisfaction on the passing of the order, the satisfaction was intrinsically sufficient. See *Evans* v. *Powis*, 1 Exch. 601, 607; *Hunt* v. *Brown*, 146 Mass. 253, 254. · The question of the defendant's privity to the consideration is not open, and we must take it, if necessary, that his personal act was the consideration. The effectual assent to the order, of course, was his client's, not his own; but if the question were open it might, perhaps, be that his client's assent would enure to his benefit, if for no other reason, on account of the unity of person between attorney and client, (*McAvoy* v. *Wright*, 137 Mass. 207, 209, and cases cited,) as has been held in the case of a married woman and her trustee. *Butler* v. *Ives*, 139 Mass. 202.

In former days, possibly a technical difficulty might have been found in the rule, that, although accord and satisfaction is a defence to a liability for damages, even on a specialty, a discharge of an obligation under seal or of record to pay a definite sum of money must be of as high a nature as the obligation. *Blake's case*, 6 Rep. 43 b, 44 a. *Peploe* v. *Galliers*, 4 Moore, 163, 165. *Spence* v. *Healey*, 8 Exch. 668. *Riley* v. *Riley*, Spencer, 114. *Mitchell* v. *Hawley*, 4 Denio, 414. But this rule has been much broken in upon by statute, and by decisions upon equitable

grounds, in modern times. *Bond* v. *Cutler*, 10 Mass. 419, 421. *Farley* v. *Thompson*, 15 Mass. 18, 25. *Sewall* v. *Sparrow*, 16 Mass. 24, 27, and cases cited in *Quincy* v. *Carpenter*, 135 Mass. 102, 104. *Ballou* v. *Billings*, 136 Mass. 307, 309. *Hastings* v. *Lovejoy*, 140 Mass. 261, 265. *Herzog* v. *Sawyer*, 61 Md. 344. *Weston* v. *Clark*, 37 Mo. 568, 572. *Hurlbut* v. *Phelps*, 30 Conn. 42. We have no doubt that an indorser of a writ may prove payment, or accord and satisfaction, by parol evidence, and that satisfaction before judgment in the original suit is as good a bar as satisfaction afterwards.

The result may be reached in another way. The docket entry of the order of the court is consistent at least with there being no person then liable as an indorser. The actual effect of the order, when interpreted in the light of the evidence, was to discharge the present defendant by consent, as the condition of the order for a new indorser. Pub. Sts. c. 167, § 34. The only parties interested in the question of the present defendant's liability were before the court in the present case, and it was in the power of the judge to amend the record of the original suits on the spot, so as to show the fact. *Balch* v. *Shaw*, 7 Cush. 282. *Fay* v. *Wenzell*, 8 Cush, 315. *Gloucester* v. *County Commissioners*, 116 Mass. 579. If it was necessary to make such an amendment in order to protect the defendant at law, it would be a good equitable defence that the amendment ought to be made. There is no question of pleading before us. If there were, as the case has been tried on its merits, there would be no reason why the defendant should not be allowed to amend his answer so as to cover all the aspects of the facts proved.

We believe that we have disposed of all the questions argued and necessary to a decision. The defendant contends further, that the only remedy against an indorser for costs is *scire facias*, as has been held with regard to bail. *Crane* v. *Keating*, 13 Pick. 339. There is considerable analogy between the two cases, but the reasoning of the court in *Crane* v. *Keating* is not wholly applicable to indorsers for costs, and as it is not necessary to decide the question, we express no opinion upon it.

*Exceptions overruled.*