Hewitt vs. The Wisconsin River Land Co.

HEWITT, Respondent, vs. THE WISCONSIN RIVER LAND COMPANY, Appellant.

*February 23 — March 22, 1892.*

*Ejectment: New trial: Waiver: Practice: Defective tax title.*

1. The right to a new trial in ejectment, under sec. 3092, R. S., is absolute if the party applying for it has complied with the statutory conditions and has not waived his right or lost it by neglect.
2. In ejectment there was a stipulation of the facts, and a verdict thereon was directed for the plaintiff on the ground that defendant's tax title was defective. The court ordered that, as a condition of judgment, plaintiff pay to defendant within ninety days the amounts required by sec. 3087, R. S., and that in default of such

Hewitt vs. The Wisconsin River Land Co.

payment defendant have judgment. Plaintiff failed to make such payment, and defendant took judgment accordingly, dismissing the complaint. *Held,* that there was no waiver of plaintiff's right to a new trial under sec. 3092, R. S.

3. The making of such conditional order, instead of a conditional judgment, was correct practice.

APPEAL from the Circuit Court for *Lincoln* County.

This is an action for the recovery of real estate in Lincoln county, in which the defendant claimed title under a tax deed executed and recorded May 21, 1884, to John Comstock, through whom the defendant claims by subsequent conveyance. The issue came on to be tried before the court and jury, and was submitted upon a stipulation of facts, in substance that the plaintiff derived title to the lands in question through mesne conveyance from the United States, and the defendant by virtue of the tax deed mentioned. It was admitted that the advertisement of sale on which the tax deed was based, under the provisions of the statute in respect to the affidavit of publication and the affidavit of posting notice of sale, was defective, no affidavit of posting appearing of record, and the affidavit of publication not showing that it was published once each week for four successive weeks. The amount for which the lands were sold at the tax sale, and also the amounts for which they were sold at several subsequent sales, certificates of which were held by the defendant, with interest on these several sums, was agreed to be $1,421.27, and that the order for payment of taxes as a condition of judgment for the plaintiff should be for that amount, with interest from the date of the verdict at seven per cent. per annum, and upon payment the defendant should deliver to the plaintiff the said certificates, unless redeemed by the defendant or his grantor.

The court, upon the introduction of the stipulation in evidence, directed a verdict for the plaintiff, which was in

'the usual form, and thereupon made an order reciting that
the plaintiff was entitled to recover in the action "by rea-
son of a defect or insufficiency of the tax deed under which
the defendant claims title, and in the proceedings prior to
the sale upon which such tax deed was issued; and, it fur-
ther appearing that the amount for which such land was.
sold, and the cost of executing and recording such tax deed,
and the amount paid by the defendant for taxes assessed
upon said premises subsequent to said sales, with interest
on all such sums at the rate of twenty-five per cent. per
annum from the time so paid until the date of the verdict,
is the sum of $1,421.27," it was ordered that that sum be
set off against the six cents damages awarded the plaintiff
by the verdict, and the excess thereof, to wit, the sum of
$1,421.21, the plaintiff should pay the defendant as a con-
dition of obtaining judgment, with interest from the date
of the verdict, within ninety days; and that in default
thereof the defendant should have judgment in the action.

· The plaintiff failed to make payment, and the defendant
moved for judgment in its favor. On the 11th of Novem-
ber, 1890, judgment was given in favor of the defendant,
dismissing the plaintiff's complaint, and for costs, taxed at
$51.78.

Upon notice, and on affidavit of payment of said costs,
and upon the record of proceedings on file, the plaintiff
moved that the judgment and verdict be vacated and set
aside, and a new trial granted, in substance, upon the con-
ditions specified in sec. 3092, R. S. The circuit court first
made an order to that effect, conditioned upon payment of
the costs in the action and the giving of a bond with suffi-
cient sureties in the sum of $250, conditioned according to
law; and subsequently, upon payment of the costs and giv-
ing security, the order was made absolute. The defendant
appealed from both orders.

For the appellant the cause was submitted on the brief

Hewitt vs. The Wisconsin River Land Co.

of *Henry C. Hetzel* and *Elisha L. Bump*. They contended, *inter alia*, that the right to a new trial under sec. 3092, R. S., may be waived or stipulated away, and for the same reason may be lost by voluntary act or neglect. *Ladd v. Hildebrant*, 27 Wis. 135; *Roberts v. Baumgarten*, 126 N. Y. 336. The stipulations and proceedings in this action limited and confined the rights of the parties, and plaintiff's refusal to accept the judgment was a waiver of his contingent right to a new trial. Where a judgment or decision in ejectment is made by consent of parties it is conclusive, and neither party is entitled to a new trial as a matter of right under the statute; and the rule must be the same where the stipulation authorizes the decision and order for judgment, and where the judgment in favor of one party follows the order as a matter of course, as it would in a case where no order was necessary. See *Wis. Cent. R. Co. v. Comstock*, 71 Wis. 93; *Neeves v. Eron*, 73 id. 542; *People ex rel. Hoffman v. Circuit Judge*, 37 Mich. 131; *Lang v. Ropke*, 1 Duer, 701.

For the respondent there was a brief by *Neal Brown* and *L. A. Pradt*, and oral argument by *Mr. Brown*.

PINNEY, J. It has been held by this court that an application for a new trial under sec. 3092, R. S.,[1] properly made, is to be granted as a matter of course, and previous notice of it need not be given (*Haseltine v. Simpson*, 61

---

[1] Sec. 3092, R. S., provides: "The court in which any such judgment [in ejectment] shall have been rendered, otherwise than upon failure to answer, shall, upon application of the party against whom the same was rendered, his heirs, devisees, or assigns, within one year from the rendition thereof, vacate the judgment, and grant a new trial, upon condition that all costs recovered thereby, or awarded on affirmance of such judgment on appeal or writ of error, be paid, and that the applicant execute and file an undertaking, with sufficient sureties, in such sum as the court shall direct, to the effect that he will pay all costs and damages which may be finally awarded to the other party," etc.— REP.

Wis. 427), and that a second trial is a matter of right, even after affirmance of the first judgment on appeal (*Deery v. McClintock*, 31 Wis. 195). The party entitled to such new trial as a matter of right may expressly waive it. *Ladd v. Hildebrant*, 27 Wis. 135. It is insisted that there was a waiver of the right in this case, and therefore the order setting aside the judgment and granting a new trial is erroneous. Whether the judgment already entered is erroneous or not is not a material question, nor has the court the right to take into consideration the probable result of a second trial, or the nature of the judgment that may be rendered thereon. The right of the party applying for it, who has complied with the statutory conditions, and who has not waived it or lost it by neglect, is absolute.

The verdict upon which the judgment in this case was rendered was founded upon a stipulation of the attorneys for the respective parties as to the facts affecting the title, instead of formal proofs, and was rendered by direction of the court; but it is clear that the admissions made only supplied the necessity of proof of the same facts; and that the verdict was directed, instead of being the result of actual deliberation, cannot alter the case, for the party defeated has the right to contend upon the second trial that the facts admitted did not warrant a judgment against him, even though it is manifest that his contention cannot be successful. Besides, it is possible that grounds may exist for relieving the party applying for a new trial from the effect of the stipulation of facts made by his counsel, so that it will not be allowed to operate against him on the second trial.

It having been made to appear that the verdict was given in favor of the plaintiff by reason of the defects or insufficiency in the proceedings prior to the sale upon which the tax deed was issued under which the defendant claims title, the court made the order required by sec. 3087, R. S.;

as we have seen, namely, that the plaintiff pay to the defendant, as a condition of judgment, the sum of $1,421.21, with interest, within ninety days from the date of verdict, and that in default thereof the defendant should have judgment; and subsequently, upon proof of such default, judgment was given in favor of the defendant, dismissing the plaintiff's complaint with costs. The observations already made in respect to the stipulation of facts affecting the title apply with equal force to that portion of it fixing the amount to be inserted in the conditional order for judgment. The parties might agree on the amount without the production of formal proof, and this would not, we think, preclude the plaintiff, when final judgment had passed against him by reason of nonpayment of the amount with interest, from obtaining an order under the statute for a new trial, to the end that he might seek to obtain a more favorable verdict, namely, one not subject to the condition of making any payment on account of the tax deed and subsequent taxes in order to obtain a judgment in his favor for the recovery of the lands in question. By sec. 3087, R. S., he would be at liberty to show, as ground of relief from the effect of the fifth paragraph of the stipulation fixing the amount to be paid as a condition of obtaining judgment in his favor, that the premises were not liable to taxation at the time, or that the tax was paid prior to the sale, or that the lands were redeemed according to law.

It is plain that the defendant has not parted with or surrendered any right or privilege as a condition or consideration for a waiver by the plaintiff of its right to a new trial, nor has the plaintiff received any benefit or advantage as a consideration for such waiver. In this respect the case is quite clearly distinguishable from the case of *Roberts v. Baumgarten,* 126 N. Y. 336, relied on by the appellant's counsel, in which an unsuccessful party in an action of ejectment was held to have waived his right to a new

trial under the statute by having stipulated, in order to perfect and maintain an appeal to the court of appeals, that, in case the judgment of that court should be against him on the whole controversy, judgment absolute should be entered against him in the supreme court. This is made plain by the opinion of RUGER, C. J., in which he says: "By giving the stipulation in question, the plaintiff secured a right of review which he could not otherwise have had, and there is no reason or justice in permitting him to violate his agreement because his experiment has not turned out as he expected it would. The statute is explicit that a party cannot review in this court an order of the general term granting a new trial, except upon the condition that he shall stipulate for judgment absolute in case he does not succeed in obtaining a reversal of the order appealed from; and to hold that the party who sustains such an order in this court does not secure an absolute judgment would nullify the express provisions of the statute, and deprive the stipulation of the party of any meaning or effect." In the case under consideration there is no express waiver of the right thus claimed, and we are of the opinion that none can be implied from what appears to have taken place.

The course pursued by the circuit court on the return of the verdict, of making a conditional order, as it did, instead of rendering a conditional judgment, to be made absolute thereafter on proof of payment or default, as the case might be, was correct. The statute does not contemplate that judgment in such cases shall be rendered until the plaintiff has made payment or made default in making it within the ninety days prescribed by the statute.

*By the Court.*— The orders of the circuit court appealed from are affirmed.