GUARANTEED INVESTMENT COMPANY, Appellant, vs. VAN METRE and others, Respondents.

*September 16—October 6, 1914.*

*Ejectment: Second trial: Waiver of right: Stipulation of facts: Quit-claim of part of land: Filing undertaking and paying costs: Extension of time: Discretion: Relief against mistake of counsel: Payment into court.*

1. A mere stipulation of facts, especially if made orally, at the first trial in ejectment is not a waiver of the statutory right to a second trial.
2. After a judgment in ejectment in favor of plaintiff as to certain parcels involved and in defendants' favor as to the others, the acceptance by defendants of a quitclaim deed from plaintiff of such other parcels with no suggestion that the title to the parcels as to which plaintiff had judgment was to be in any way affected, did not amount to a waiver of defendants' right to a second trial.
3. The time for the filing of an undertaking and payment of costs by the party applying for a second trial in ejectment under sec. 3092, Stats., may be extended by the court, in its discretion, even after the expiration of the year.
4. It was not an abuse of discretion to relieve against a default in such filing and payment due to a mistake of counsel.
5. The provision in sec. 3092, Stats., that as a condition of the granting of a new trial the costs "be paid," means that they be paid to the other party; but payment to the clerk or into court in pursuance of the terms of an order for a new trial was sufficient where, upon a motion to set aside such order, the technical error in that regard was not relied upon as a defect.

VINJE, MARSHALL, and BARNES, JJ., dissent.

APPEAL from an order of the circuit court for Oneida county: A. H. REID, Circuit Judge. *Affirmed.*

Ejectment for twelve parcels of land. The action is by a tax-title holder against the original owners. At the trial it was orally stipulated that the plaintiff's tax titles were good as to six parcels and invalid as to the remaining six. On this stipulation, without the introduction of any evidence on

the subject of title, the court entered an order for judgment March 27, 1912, fixing the amount of taxes and interest due the plaintiff on the six invalid tax titles and requiring the defendants to pay said sums as a condition of judgment in their favor, and providing that in case of default in such payment within ninety days the plaintiff should have judgment for the entire twelve parcels, but in case of the payment being made the plaintiff should recover the six parcels covered by the valid tax deeds and the defendants have judgment for the remaining six parcels. July 19, 1912, on a showing that the sum fixed to redeem the taxes had not been paid, judgment was entered for the plaintiff for the entire twelve parcels. As matter of fact the redemption moneys had been seasonably deposited in court without the knowledge of the parties by a mortgagee of the lands, and on this fact appearing on April 4, 1913, the judgment was amended as of its date so as to conform to the original order awarding six parcels to the plaintiff and six to the defendants. Immediately thereafter the defendants applied to the plaintiff to quitclaim to them the six parcels awarded to the defendants, and the plaintiff consented to do so on payment of $104.80 in addition to the amount paid into court, which sum represented tax liens and interest which had not been brought to the attention of the court when the order for judgment was made. This arrangement was carried out, the deed made and the moneys paid, but nothing was said about the other six parcels. On July 12, 1913, the defendants obtained an order under sec. 3092, Stats. 1913, granting a new trial on condition that they pay to the clerk of the court the taxed costs of the action with interest within thirty days, and file the necessary undertaking within sixty days. The costs were paid into court and the undertaking filed within the time limited by the order but after the expiration of a year from the rendition of the original judgment. Plaintiff then moved to set aside the order granting a new trial because the

costs were not paid nor the undertaking filed within the year and because the right to a second trial had been waived by the acts of the defendants. Simultaneously defendants, on showing that their counsel had advised them that such an order as that of July 12, 1913, would be valid, and that defendants might pay the costs and give the undertaking accordingly, and have a new trial, and that defendants were misled thereby, moved the court to extend the time beyond one year for paying the costs and giving the undertaking and to permit the costs to be paid and an undertaking to be filed as of the date when the acts were in fact done and to allow in other respects the order of July 12, 1913, to stand. The court entered an order extending the time for paying the costs and filing the undertaking for sixty days from July 12, 1913, and further that so much of the order of July 12, 1913, as vacated that part of the judgment favorable to the plaintiff and granted a new trial of the issues determined thereby be allowed to stand, and so much of the order as vacated that part of the judgment favorable to the defendants and granted a new trial of the issues thereby determined be vacated. From this order the plaintiff appeals.

The cause was submitted for the appellant on the brief of *L. A. Doolittle,* and for the respondents on that of *Miller & Reevs.*

Counsel for the appellant contended, *inter alia,* that the judgment can be vacated only within one year from the time it was perfected, and it cannot be vacated until after the costs have been paid and the undertaking prescribed has been given. These conditions are conditions precedent. *Rupiper v. Calloway,* 105 Wis. 4, 9, 10, 80 N. W. 916; *Marsh v. Elliott,* 51 Ind. 547; *Crews v. Ross,* 44 Ind. 481; *Newland v. Morris,* 113 Wis. 394, 397, 89 N. W. 179; *Haseltine v. Metcalf,* 66 Wis. 209, 28 N. W. 337; *Haseltine v. Simpson,* 61 Wis. 427, 434, 21 N. W. 299, 302; *L. A. Shakman & Co.*

*v. Koch,* 93 Wis. 595, 601, 67 N. W. 925; *Conan v. Follis,* 61 Wis. 224, 20 N. W. 912.

WINSLOW, C. J. Five questions are presented, viz.: (1) Was the defendants' right to a new trial under sec. 3092, Stats., waived by the oral stipulation made on the trial? (2) Was such right waived by the accepting of a quitclaim deed from the plaintiff of the six parcels adjudged to them? (3) Had the court power in its discretion to extend the time for paying the costs and filing the undertaking after the time given by the statute had expired? (4) If such discretionary power existed, was it abused? and (5) Was the payment of the costs into court a sufficient payment? These questions will be answered in their order as stated.

1. The right to a second trial in ejectment has been called an absolute right, and it is not to be denied except upon a clear showing of waiver. It can be waived by express agreement (*Ladd v. Hildebrant,* 27 Wis. 135), but it is not to be construed as waived by a mere stipulation of facts, even though it be in writing. *Hewitt v. Wis. River L. Co.* 81 Wis. 546, 51 N. W. 1016. The stipulation here was oral and hence not obligatory upon another trial. Circuit Court Rule V, sec. 3. We do not consider that it amounts to a waiver.

2. In the negotiations leading up to the quitclaim deed there was no suggestion by defendants that they relinquished any claim to the other six parcels, or that they proposed to waive any legal right which they had to further contest the plaintiff's title thereto. The giving of the deed seems simply to have removed those six parcels from the field of controversy by mutual consent without express or implied suggestion that the question as to the title to the other six parcels was to be in any way affected. It was certainly competent for the parties to do this, and there is no suggestion

even now that the plaintiff can show good title to those parcels. We find no waiver here.

3. There can be no doubt of the power of the court, even after the expiration of the year, to extend the time for the filing of the undertaking and payment of costs. *Dickinson v. Smith,* 139 Wis. 1, 120 N. W. 406.

4. The affidavits filed by the defendants showed that the error in the order of July 12, 1913, by which the payment of costs and filing of the undertaking were authorized after the expiration of the year was due to a mistake of counsel who advised their clients to that effect. Defaults occurring through the mistakes or ignorance of counsel may be relieved against. *Whereatt v. Ellis,* 70 Wis. 207, 35 N. W. 314; *Wis. M. & F. Ins. Co. Bank v. Mann,* 100 Wis. 596, 76 N. W. 777. We cannot say that there was any abuse of discretion.

5. The original order vacating the judgment and ordering a new trial provided that the taxed costs in the action should be paid "to the clerk." This was doubtless erroneous. Sec. 3092 requires that the costs "be paid," and this means paid to the plaintiff. However, when the plaintiff moved to set aside the order this technical error was not made a ground of objection and the trial judge makes no mention of it in his carefully prepared opinion. Evidently the payment to the clerk, or "into court," as it is termed in the order appealed from, was not relied on as a defect. Of course the money could have been obtained by the plaintiff at any time from the clerk by simply applying for it. Under these circumstances the contention now made does not seem substantial.

*By the Court.*—Order affirmed.

Vinje, J. (*dissenting*). I am unable to concur in the conclusion that an oral stipulation made in open court and upon which a judgment is based is by force of sec. 3 of Circuit Court Rule V not obligatory upon another trial. The

rule referred to was not intended to apply to oral stipulations made in open court during the trial, taken down by the reporter and acted upon by the court, for it is well settled that statutes or rules of court requiring stipulations to be in writing, in order to bind the parties, do not apply to stipulations made in open court. *Lewis v. Wilson,* 151 U. S. 551, 14 Sup. Ct. 419, 38 L. ed. 267; *Savage v. Blanchard,* 148 Mass. 348, 19 N. E. 396; *Prestwood v. Watson,* 111 Ala. 604, 20 South. 600; *Hearne v. De Young,* 111 Cal. 373, 43 Pac. 1108; *Caldwell v. McWilliams,* 65 Ga. 99; *Welch v. Bennett,* 39 Ind. 136; *Carpenter v. Pirner,* 107 N. Y. Supp. 875; *Staples v. Parker,* 41 Barb. 648; *Corning v. Cooper,* 7 Paige, 587; 36 Cyc. 1282; 44 Cent. Dig. 3054. Such stipulations, unless contrary to law or public policy, are binding, and may even be enforced by the court on its own motion, since it is in a sense a party thereto.

I am further of the opinion that when in an ejectment case it is stipulated that plaintiff's tax title is good as to some of the parcels in dispute and invalid as to the remainder there is no room for argument as to how judgment shall go, and therefore the ground of the decision in *Hewitt v. Wis. River L. Co.* 81 Wis. 546, 51 N. W. 1016, does not apply to this case. Such stipulations as to title, unless a party is relieved therefrom, ought to be construed to be an effectual waiver of the right to a second trial, especially where, as here, the parties have subsequent to judgment acted upon it, and plaintiff has thereby lost its right to stand upon the title it had when the action was begun. Speaking of an oral stipulation made in open court in *Savage v. Blanchard,* 148 Mass. 348, 19 N. E. 396, the court says:

"The present plaintiff comes into court relying on a judgment obtained in consequence of the order of the court which was procured by the agreement in question, and he cannot repudiate the agreement while he takes the benefit of its consequences."

Much less should the defendants here be heard to question

the validity of the judgment obtained by reason of the stipulation entered into, since by means of it, through the quitclaim deed, they have shorn the plaintiff of the means of contesting that part of the judgment favorable to the defendants.

MARSHALL and BARNES, JJ.   We concur in the foregoing dissenting opinion of Mr. Justice VINJE.